The opinion of the court was delivered by
Breaux, J.
The plaintiff brought this suit against the late superintendent of the “ New Basin Canal and Shell Road” and sureties on his official bond, for amounts collected, and for which, it was charged, no account had been rendered.
The defendants interposed exceptions; they were overruled.'
In their answer they plead a general denial, and especially set forth that they are not indebted for any sums of money the treasurer of the company failed to pay or account for, as he was not a subordinate of the superintendent, for whom the latter could be held responsible.
The amount claimed by the plaintiff was six thousand three hundred and twenty-five dollars and ninety-eight cents. In support of this clarm plaintiffs annexed statements to their petition.
The first statement is based upon a numbor of “ permits” or “passes” collected from different persons to whom they were issued for tonnage or towage.
The statement gives a correct account of the “ passes” or “permit;” dates, who issued them, the number, the amount of tonnage of the schooner, the tonnage paid and the towage paid.
Section 16 of the Statutes of 1888 requires that the superintendent shall cause to be kept a registry of all arrivals in the canal and of all travel on the shell road. It is also made his duty to record *1063 ■on this registry a description of all cargoes brought in. He is also commanded by the statute to furnish to the State Treasurer a certified list of all amounts received, and to exhibit to that officer a certified statement of the bank showing the deposits made to the credit of plaintiff’s fund, for his examination and comparison with the superintendent’s account of receipts and deposits. The statute further orders that the superintendent shall at the same time exhibit to the State Treasurer, a sworn statement of all expenditures made.
It was suspected at the time there were irregularities, it seems; a ■copy of these reports of the superintendent for stated months was obtained.
After examination it was found that amounts.collected were not properly returned. Receipts of amounts paid to the company’s treasurer, were not mentioned in the report of the superintendent. In other words the report to the State Treasurer was not a true report of the company’s business. ■
In addition to these receipts found with the customers of the canal,' who held them for a complete consideration, plaintiff claims to have ¡shown an indebtedness by proving that a permit book, containing blank permits numbered serially was stolen. The number of permits having been fixed, the plaintiff seeks to recover the amount by reference to the average price of permits.
Another claim is headed: “Statement of sundry collections made for account of New Basin Canal and Shell Road by A. P. Williams, ■secretary, and not accounted for.” They consist of collections from Poitevant & Favre, Pelican mills: rents and other claims, and lastly, there is a statement annexed to the petition numbered four, of an amount of three hundred and five dollars due for “the investigation of the defalcation of the past administration” of the board of control.
The defendants, after having conclusively shown that the superintendent was not guilty of embezzlement of any part of the funds, •sought to sustain the defence that plaintiffs had not made a case by proof sufficient to enable them to recover a judgment against either the superintendent or the sureties on his bond.
The judgment of the District Court condemned the defendants to pay to plaintiffs the sum of twenty-one hundred and eighty-five dollars and five cents with legal interest from judicial demand.
*1064 From the judgment the plaintiff prosecutes this appeal.
The superintendent was authorized to appoint a book-keeper and secretary of the board with approval of the board of control. He-was given the power of requiring this employee to furnish a bond. If he chose to entrust him with the additional duty of handling the fund as treasurer, without bond, he, by showing that this officer was-unfaithful and diverted the funds, is not relieved from responsibility.. To the superintendent was given control and management. The-condition of his bond was “the faithful performance of his duties and of the duties of all” the officers and employees subordinate to-him in the management of the affairs of the company. The superintendent unquestionably was responsible for the amounts received by the secretary whom he chose to trust as treasurer, without even requiring the usual bond.
The record does not disclose that the board of control opposed the appointment by the superintendent of this book-keeper and secretary ; nor does the record show that the superintendent made, at any time, any attempt to remove his subordinate who finally proved himself entirely unworthy of confidence.
This being the responsibility of the superintendent, we will take up, in their order, the bills of exceptions to which counsel has directed our attention in the argument. The board of control, while investigating the affairs of the basin, procured from shippers, owners of schooners and others, who carried on business on the basin, two hundred and twenty-eight permits.
A statement setting forth these permits, and the permits also, were offered as evidence and admitted.
The objection to their admissibility was that they were not sustained by proof and were not sufficiently identified; a condition precedent, it was urged, to their admissibility.
The gravamen of the complaint is that at the time they were offered it had not been shown by.whom the statement offered had been made, and the data upon which it was based.
It is in proof that the statement was made by the seeretary of the board, who succeeded the former secretary; they were made after the irregularities charged; or some of them, at any rate, had come to light. The data, which are the basis of the statement, were in his office and in his possession.
He testifies that the statement is a correct account of the “passes” *1065 or “permits;” that it is a true transcript. This statement was really a part of the evidence of the witness, and was prepared to assist the court in referring to the different items, and as such, it was properly admitted in evidence.
The “ permits ” or “ passes issued by the secretary were also properly admitted. Found as they were, in the possession of those who paid for them, they are direct evidence of amounts received for the canal company. It devolved upon the defendant, the receipt having been shown, to prove thatit was deposited in bank as required.
It is urged, as to a number of these “ permits,” the evidence is incomplete, for the reason that on their part face they do not show the tonnage of the vessel.
The amount of dues of the vessel is determined by its tonnage. It was a question of sufficiency of proof and not of admissibility; the ruling admitting these “permits” in evidence was not an improper ruling.
This brings us to the “permits” issued by Williams, the secretary, and not found. The statement objected to as evidence, on this point, is headed “statement of two hundred and seventy-one ‘permits’ issued by A. P. Williams, secretary, and not found.” These permits were numbererd serially. There were numbers missing. We do not, at this time, pass upon the sufficiency of the evidence.
The evidence was admissible and was properly admitted, at least as a commencement of proof.
The reasons assigned in another bill of exceptions against the admission of a copy of the superintendent’s report are that it was not signed; that it was not duly verified.
It was the monthly report of the superintendent who can not be heard to urge his own omission, in not having signed it as required by the statute.
It was regularly deposited as required in the office of the State-Treasurer. The evidence was admissible in the form presented - The copy admitted had been verified by a clerk employed by plaintiff and an employee in the office of the State Treasury, as shown by the former’s testimony on the trial. Although it is not shown that the State Treasurer is especially appointed by law to furnish copies of these reports; we incline to think that he is authorized. Greenleaf, par. 485, 12 Ed. A copy, however, without that certificate, duly verified and supported by ample corroborative testimony is also admissible.
*1066 The points in other bills are not expressly passed upon by us for they do not present grounds that would justify us in changing our conclusion on the merits of the case.
MERITS.
With reference to the sufficiency of the proof it is evident that eight hundred and fifty-three dollars and twenty-seven cents are due.
The remainder of this claim is proven by the testimony of the present secretary. The permits making up the amount are in evidence, showing the amounts collected. While-the tonnage was not stated by the witness the amount charged fixes the tonnage.
In the absence of all attempt to show error by cross-examination or by rebutting testimony of some sort, we will not assume that the witness testified in error.
Having stated the amount due, although the amount was not carried on the stub, the inference is unavoidable; that he, the witness, was aware of the tonnage of the-vessels by reference to other data in his possession. The vessels are all named in these “ permits,” and presumably their tonnage is well known. An examination of the report of the superintendent and comparing it with the “ permits ” and “ passes” in possession of plaintiff discloses that no return was ever made of the amounts represented by these “permits.”
The whole sum sustained by the “ permits” in evidence is due by the defendant.
We pass from these “ permits ” in possession to those said to have been issued and not found.
There were books abstracted from the office. The irregulariiy of the business was, to say the least, confusing. The safest check was the blank “permits” serially numbered, for which some one should have been held responsible. It does not appear that any account was taken and kept of the number placed in the hands of the officer to be issued when called for by the captains of schooners and others to whom they were to be issued upon the payment of the fee. There was general neglect and indifference about the stubs of the “ permits ” or “passes.”
We are informed by the evidence that a mistake arose because of the error of the printer in printing the blank “ permits,” with numbers on the margin, we understand, to save labor of writing and noting them as they should have been.
*1067 That some of the blanks were soiled and were for that reason destroyed.
That the secretary was not careful in copying the numbers, and at times omitted them in his report.
There is lacking another element of certainty. After having collected the omitted numbers, the witness made an average based upon the amount shown to be due on the “ permits” of the company in its possession — i. e., a given number of “permits” in regard to which there was no question as to the amount, having footed a stated sum; another number of “ permits ” was supplied with amounts by adopting an average based upon the first number. The average is not supported by other proof of any kind. We do not think that the evidence sustains this claim. The evidence does not relate to the claims.
We come to the last items charged: Statement 3, of sundry collections said to have been made for the canal and for which it is charged, no account has been rendered, and statement 4 of expenses incurred by the company in investigating the irregularities existing.
We take up the last item first, and as to it determine that the company must examine into the mismanagement of its officers and consequent irregularities at its expense and not at the cost of the superintendent, who is responsible for the shortcoming of his subordinate, although not guilty himself of embezzlement.
The other claims on these statements are not supported by. sufficient proof. A small amount is claimed for rent of property, whether it was collected or not is not stated in evidence, and other comparatively small claims are made we think should not be allowed without further proof.
It is therefore ordered, aojudged and decreed that the judgment is affirmed, with the following amendment: to the plaintiff is reserved the right to sue, and the part of the demand not allowed is dismissed as in case of non-suit.
The appellant is condemned to pay costs of appeal.