LULA MAY STEVENS, Respondent, v. KANSAS CITY LIGHT & POWER CO., Appellant.

Kansas City Court of Appeals, January 27, 1919.

1. **MORTALITY TABLES: Evidence: Damages.** Mortality tables are properly received in evidence in an action for wrongful death of a husband, to show the deceased's probable length of life if he had not been killed and thereby ascertain the value of his earnings if he had lived.

2. ———: Judicial Notice: Evidence. Courts will take judicial notice of mortality tables; and therefore instructions may be given to the jury concerning them though they have not been introduced in evidence.

3. ———: Evidence: Health and Habits: Caution. While mortality tables may be submitted to the jury in case of death from wrongful act, yet the court should instruct them that they are not bound by such tables and that they should consider in connection with them the deceased's health, vocation, habits, etc.

4. INSTRUCTION: Expectancy of Life of the Plaintiff. An instruction for plaintiff concerning mortality tables in an action for damages for wrongful death of a husband should not confine the consideration of the jury to the expectancy of life of the deceased alone, but should also submit the expectancy of the plaintiff, to the end that the jury ought not to allow damages reaching beyond her life.

Appeal from Jackson Circuit Court.—*Hon. O. A. Lucas,* Judge.

REVERSED AND REMANDED.

*John H. Lucas* and *William C. Lucas* for appellant.

*Prince & Harris, J. N. Beery* and *J. E. Westfall* for respondent.

ELLISON, P. J.—Plaintiff is the widow of Edward Stevens who was killed through the negligence of defendant and she instituted this action for damages, in which she succeeded in the trial court. We decided the case the 20th of May, 1918, by reversing and remanding on account of the trial court giving an instruction relating to mortality tables. Afterwards a motion for rehearing was granted on the ground that we desired to further consider whether the trial court erred in allowing such instruction. It reads as follows: "The court instructs the jury that in computing damages, if any, resulting from the loss, if any, of a portion of the earnings of the deceased, Edward Stevens, if any, which you may find the said Lula Stevens, widow, and David William Stevens, child, have sustained and the

will in reasonable certainty sustain because of the death of said Edward Stevens, you may first find the amount of such annual benefits, if any; and then, in order to determine the present cash value of said benefits, you may multiply the same by the figures in the following table set opposite the age on the table, which age you may find and believe was the age of the deceased at the time of his said death;''

The instruction doubtless was intended as a guide to the jury in ascertaining what the deceased's earnings would have been, so that they might allow a proper sum to plaintiff and her young son. There can be. no doubt but that such tables may properly be considered for that purpose. [Boettger v. Iron Co., 136 Mo. 531, 536; O'Mellia v. Railroad, 115 Mo. 205, 222; Grayson v. Grayson, 190 S. W. 930; Davis v. Springfield Hospital, 196 S. W. 104, 108; Collins v. Star Paper Mills Co., 143 Mo. App. 333, 342.] In Pennsylvania, this rule of evidence was once questioned. It is said that such tables are appropriate in ascertaining the average duration of life in insurance cases, but that an individual case ''depends on its own circumstances.'' [Shippens and Robbins Appeal, 80 Pa. St. 391, 396.] But in accordance with the foregoing rulings in this State, as well as in deference to many others, we must rule as we have stated.

The instruction was given notwithstanding the tables were not introduced in evidence. This we think was permissible on the ground that the courts will take judicial notice of such tables. [Gordon v. Tweedy, 74 Ala. 232, 237; Louisville & N. R. R. v. Mothershed, 97 Ala. 261, 267; Lincoln v. Powers, 151 U. S. 436, 441; Ruehl v. Telephone Co., 23 N. D. 6, 19.]

But such instruction should inform the jury that they are not bound by such tables and that they should consider them in connection with the individual involved, his health, vocation, habits, etc. [Schell v. Plumb, 55 N. Y. 592, 599; Vicksburg v. Railroad, 118 U. S. 545, 554; Snell v. Jones, 49 Wash, 582; Camden & Atl. R. R. v. Williams, 61 N. J. L. 646, 648; Arkan-

sas Midland R. R. v. Griffith, 63 Ark. 491, 496, 497; Crouse v. Railroad, 102 Wis. 196, 207; Illinois Central R. R. v. Houchins, 121 Ky. 526, 533; Steinbrunner v. Ry. Co., 146 Pa. St. 504, 516, 517.] The Judge writing the opinion in the last of these cases closed with this remark: "While we are unable to see how such evidence is to be excluded, I must be allowed to express the fear that it may prove a dangerous element in this class of cases, unless the attention of juries is pointedly called to the other questions which affect it." [See, also, Kerrigan v. Railroad, 194 Pa. St. 98, 106.]

There is this further objection to the instruction. It bases the damages to plaintiffs on the expectancy of life of the deceased, alone, when, in fact, the expectancy of life of the plaintiff must also be considered. Her damages consisted in the loss of deceased's support. There are two lives to be considered, hers and her deceased husband's. She was only entitled to damages estimated on the length of his life if she lived longer than he. For, no damages could accrue to her after her death. The husband's duty to support his wife ceases, of course, at her death. Therefore her loss in his death cannot reach beyond her own life. [Jones v. McMillan, 129 Mich. 86, 90; Illinois Central R. R. v. Crudup, 63 Miss. 291, 303; Valente v. Railroad, 151 Calif. 534, 542, 543; Duvall v. Hunt, 34 Flo. 85, Ill.] If a jury believed from the evidence, including mortality tables, that a deceased husband would probably have lived and earned money for a long number of years, yet also believed that the plaintiff, wife was in the last stages of a fatal disease and would live probably only a short time, then, manifestly, she would be confined in the estimate of her damages to the length of her own life. Doubtless it was considerations of this character which led the supreme court of Mississippi in the Crudup case, just cited, to state that "In all cases of this character it must be the expectation of that one who would sooner die which should control." And caused the supreme court of Florida to remark that the error of so framing an instruction that it would

permit a mother to recover damages accruing long after her death "becomes glaringly apparent." The original opinion sufficiently covers other points in the appeal.

The judgment will be reversed and the cause remanded. All concur.