PROYOSTY, J.
As plaintiff and Mrs. Marshall and some others were passing on the sidewalk opposite a building which had been gutted by a fire and was in course of demolition in this city, two large cornice stones and a quantity of cement fell upon them, killing Mrs. Marshall, and injuring plaintiff. This happened at night, when no work was going on, and from a cause unknown. In another suit, heretofore tried and decided, the children and heirs of Mrs. Marshall recovered judgment against Maurice Feitel and the Feitel House Wrecking Company. They were held to have been the owners of the remnant of building, and to have had charge of its demolition, and therefore responsible for its insecure condition. The evidence taken in that case was introduced in this case, and none other was brought forward such as could justify a different conclusion from that 'which was then arrived at. Hence we find no reason to change the view then taken as to the responsibility of the Feitels, so that the sole question in the present case must be as to the quantum of damages.
Plaintiff was bruised in the back, chest, and side by the falling cement, but not seriously. One of the stones, a granite beam 8 feet long and 20 inches by 10 thick, fell upon one of her legs, and remained upon it until help in sufficient force came to remove it. She was taken to the hospital, where the bone was found to be broken about four inches below the knee, and the flesh considerably bruised and lacerated. A plaster cast, in which the member was at first put, had to be removed after a few days, because of suppuration having set in, and a splint substituted, with a drainage tube. Plaintiff remained in the hospital two months and a day, and during the greater part of this time was in constant apprehension that blood poisoning might develop, and the leg have to be ■ amputated. For several months thereafter her ankle was more or less ankylosed, necessitating the use first of a crutch, and then of a stick. At the time "of the trial, three years later, she had regained full use of the leg; but it is half an inch short, owing to the imperfect alignment of the bones in setting. For nearly a year the wound continued to suppurate, accompanied by more or less pain.
She is a laborer’s wife, and does all the household work. She says that after a few hours of this work, pain develops in her leg, and she has to rest. She was 47 years old at the time of the injury.
Plaintiff cites the cases of Moore v. Pickering, 105 La. 504, 29 South. 990; Weber v. Union Development Co., 118 La. 77, 42 South. 652, 12 Ann. Cas. 1012; Cross v. Lee Lumber Co., 130 La. 66, 57 South. 631; Guidry v. Morgan’s La. R. R. Co., 140 La. 1007, 74 South. 534, L. R. A. 1917D, 962; Carmanty v. Mexican Gulf R. Co., 5 La. Ann. 703; Summers v. Crescent City R. Co., 34 La. Ann. 139, 44 Am. Rep. 419; while defendants cite Navailles v. Dielmann, 124 La. 421, 50 South. 449, 134 Am. St. Rep. 508; Stoker v. Hodge Fence & Lumber Co., 116 La. 926, 41 South. 211; Ross v. Sibley Co., 116 La. 789, 41 *91 South. 93; Fuller v. Tremont Lumber Co., 114 La. 266, 38 South. 164, 108 Am. St. Rep. 348; Russ v. Union Oil Co., 113 La. 196, 36 South. 937; Schoppel v. Daly, 112 La. 202, 36 South. 322; Broadfoot v. Shreveport Cotton Oil Co., 111 La. 467, 35 South. 643. We do not know that an analysis of these cases would help in any way in the problem of fixing the proper amount to be allowed in the present case. Each presented special facts, which exercised more or less influence upon the mind of the court.
Nothing shows that; the defendants, or their agents, had, or could have, any knowledge of the insecurity of the stones that fell. Their liability has resulted simply from their having been owners of the building, and not adopted measures of precaution, such as the placing of barriers or red lanterns for keeping the passers-by at a safe distance. That fact ought to be taken into consideration, we think; also the fact that the defendants have already been mulcted in the sum1 of $2,000 for this accident. But, on the other hand, the diminished purchasing power of money must also be taken into consideration. All things considered, we fix the damages at $3,000.
The judgment appealed from is therefore reduced to $3,000, and, as thus reduced, is affirmed at defendant’s cost.
MONROE, O. J., takes no part.