LEONARD MAYBERRY, Administrator of the Estate of OLLIE P. MAYBERRY, Deceased, Respondent, v. IRON MOUNTAIN COMPANY, a Corporation, and JAMES CORBETT, Appellants.

St. Louis Court of Appeals. Opinion Filed February 6, 1923.

1. **DEATH BY WRONGFUL ACT: Time of Bringing Suit: Statutes: Petition: Sufficiency.** In a suit for damages for the alleged negligent killing of deceased, brought by his administrator as authorized by sections 4218 and 4219, Revised Statutes 1919, who sues as such for the benefit of those capable of taking under the law of descents, under the fourth subdivision of section 4217, Revised Statutes 1919, the petition *held* not fatally defective because it does not specifically allege that the plaintiff· as administrator brought the action within one year from the time the cause of action accrued as provided in section 4221, Revised Statutes 1919, where it appears from the record and is conceded by appellants that the petition was in fact filed in less' than three months· after the death of deceased.

2. **INSTRUCTIONS: Death by Wrongful Act: Instruction Failing to Take into Consideration Life Expectancy of Beneficiaries: Erro-**

neous. In a suit for damages for the alleged negligent killing of deceased brought by his administrator, who sues as such for the benefit of those capable of taking under the law of descents, under the fourth subdivision of section 4217, Revised Statutes 1919, an instruction authorizing a recovery of damages based on the life expectancy of the deceased, and which did not take into consideration the expectancy of the life of the parents, which was less than that of the deceased, and did not take into consideration the period of dependency of any of the beneficiaries, *held* erroneous.

Appeal from the Circuit Court of St. Francois County.— *Hon. Peter H. Huck,* Judge.

REVERSED AND REMANDED.

*Benj. H. Marbury* for appellants.

(1) The right of action respondent attempted to sue on, being purely statutory and derogatory to the common law, respondent must specifically allege in his petition and prove every essential fact showing that he is entitled to the benefits of the statute; otherwise his petition states no cause of action at all and presents a defect in the nature of a jurisdictional one. Chandler v. Railroad, 251 Mo. 599; Childs v. Railroad, 117 Mo. 427; Lilly v. Menke, 126 Mo. 212; Hudson v. Cahoon, 193 Mo. 557. (2) The petition fails to state that respondent brought suit within the statutory time provided by sections 4217, 4218 and 4219, Revised Statutes 1919, nor was there any evidence whatever tending to prove this fact. Chandler v. Railroad, 251 Mo. 600; Clark v. Railroad, 219 Mo. 538; Probst v. Company, 207 S. W. 894; Barker v. Railroad, 91 Mo. 94; Sheets v. Railroad, 152 Mo. App. 381; McQuade v. Railroad, 200 Mo. 154; Aley v. Railroad, 211 Mo. 478; McNamara v. Slavens, 76 Mo. 329; Coover v. Moore, 31 Mo. 574; Oates v. Railroad, 104 Mo. 518; Barron v. Company, 172 Mo. 228; Packard v. Railroad, 181 Mo. 421; Hennessy v. Company, 145 Mo. 113; Gruender v. Frank, 267 Mo. 718;

Greer, Adm'r, v. Railroad, 173 Mo. App. 285; Troll v. Gas Light Company, 182 Mo. App. 604; Dudley v. Railroad, 167 Mo. App. 647; Casey v. Transit Company, 116 Mo. App. 235. (3) Instruction No. 3, offered and given by respondent, as to the amount of damages which respondent might recover as compensation for the negligent death of Ollie P. Mayberry, was vitally important and was based solely on the life expectancy of the deceased and did not require the jury to take into consideration the respondent's expectancy in determining the amount of compensation; and the deceased being an adult son, the court should have directed the jury, by an appropriate instruction, to take into consideration the life expectancy of respondent alone. This instruction is, therefore, fatally erroneous. McCord v. Schaff, 279 Mo. 566; Stevens v. Company, 208 S. W. 631. (4) The court committed reversible error in refusing appellants' instruction, No. 1, which was in the nature of a demurrer to the whole evidence as to the adult brothers and sisters of Ollie P. Mayberry, deceased, for neither of them were defendants. Smith, Admr., v. Pryor, 195 Mo. App. 262 (and authorities cited). (5) The trial court erred in giving instruction No. 1 on behalf of respondent. This instruction eliminates the acts of negligence alleged in the petition, and warranted the jury to find a verdict for respondent upon a sole allegation that in itself was not negligent. Wojtylak v. Coal Company, 188 Mo. 281; Duerst v. Company, 163 Mo. 624. (6) The verdict is excessive, in view of the facts: (1) that the father was over 65 years of age; (2) that not a single adult child received contributions from the deceased, but each contributed more or less to the father; (3) that neither of respondents were dependents upon deceased; (4) that the $1.25 per day for board deceased paid his father cannot be construed as a contribution; (5) that the jury arrived, under the improper direction of the court, at the amount by guess and speculation; (6) that deceased was engaged for a substantial time prior to his

death in the services of his father without compensation; (7) and that the father was self-sustaining and not legally a dependent of deceased. Smith, Admr., v. Pryor, 195 Mo. App. 262; Hickman v. Railroad, 22 Mo. App. 350; McCullough v. Company, 216 S. W. 806.

*Boyer & Threlkeld* for respondent.

(1) The petition is good in every respect and meets the requirements of the latest rulings of the appellate courts on the subject. The suit is by the administrator under the 4th subdivision of section 4217, Revised Statutes 1919, and need not plead the bringing of suit within one year. The administrator sues as such for the benefit of those capable of taking under the law of descents of Missouri. The petition in this case with a change of caption and conclusion and with the addition of the words "Wilfully and feloniously" would be good as an indictment for criminal negligence. Troll v. Laclede G. L. Co., 182 Mo. App. 600; Kirk v. Wabash, 265 Mo. 341; Johnson v. Mining Co., 187 S. W. 1; Johnson v. Mining Co., 171 Mo. App. 134. (2) While it might have been better for the court by instruction 3, given on the part of plaintiff, to have called the attention of the jury to the prospects of longevity of the dependents of deceased, yet evidence was admitted showing the age and condition in life of each and the mortuary table was also before them and the verdict itself indicates that they gave same due consideration in arriving at their conclusions. The pleading and proof completely meets the requirements of the Supreme Court in the case of McCord v. Schaff, and had the pleading and proof in that case been as in the instant case the court would not have dealt with the matter as purely an abstract proposition of law. McCord v. Schaff, 179 Mo. 568-569. (3) The law of the case consists of the instructions taken as a whole. Shores v. City of St. Joseph, 134 Mo. App. 9; McElhiney v. Friedman-Shelby S. Co., 158 Mo. App. 318.

DAUES, J.—Plaintiff, as administrator of the estate of Ollie P. Mayberry, recovered judgment against the defendants in the Circuit Court of St. Francois County in the sum of $5000, damages for the alleged negligent killing of said Ollie P. Mayberry. The administrator sues as such for the benefit of those capable of taking under the law of descents, under the fourth subdivision of section 4217, Revised Statutes 1919. The decedent left as his only heirs-at-law his father, mother, five sisters and three brothers. Defendants appeal.

This action is authorized by section 4218, Revised Statutes 1919, and under section 4219, Revised Statutes 1919, it is provided that such suit shall be brought by the same parties and in the same manner as provided in section 4217, supra.

The petition was filed December 2, 1920; summons was issued to the February Term, 1921, and the cause was tried at said term, on March 2, 1921. The petition, after reciting the appointment of plaintiff as administrator of the estate of Ollie P. Mayberry, who died October 7, 1920, alleges that the deceased was an unmarried man, an adult; that he left no widow or children, and that his parents and brothers and sisters were his sole heirs surviving him; that the deceased before his death was a sound, healthy, able-bodied man, capable of earning a substantial salary, and that his expectancy both as to longevity and earning power was great; that he continuously and substantially contributed of his earnings to the support of his parents, who were in poor health and aged, and that he as well contributed to the support and education of his brothers and sisters, all of whom were dependent upon the deceased for support and contribution.

For cause of action against the defendants, the petition avers that the deceased on October 7, 1920, was in the employ of the defendant, Iron Mountain Company, as a drillman engaged in the drilling of holes in the mine owned and operated by said defendant Iron Moun-

tain Company, and that the defendant Corbett was a foreman and vice principal of the mining company who as such had charge of the work at which the deceased was engaged at the time of his misfortune. The petition then alleges that the defendants prior to the date aforesaid knew that the roof of the mine immediately over the point where the deceased was put to work was in a loose and dangerous condition and about to fall, and knew that the plaintiff was ignorant of said dangerous condition; that the defendants without the knowledge of the deceased had negligently and unskillfully removed timbers from under such roof, leaving same unprotected, and that the deceased, was ordered by defendants to work at such point without warning, and that while so engaged a large boulder of iron weighing several tons gave way and fell upon the said Ollie P. Mayberry, instantly killing him. The prayer is for $10,000 damages.

The answer of the defendants charges that the petition on its face discloses that the court is without jurisdiction over either the subject-matter or the person of the defendants; that the petition does not state facts sufficient to constitute a cause of action against the defendants, or either of them; denies generally the allegations of the petition, and pleads assumption of risk and contributory negligence.

The reply is a general denial.

There is evidence on the part of plaintiff tending to show that the deceased at the time of his death was 26 years of age and unmarried, and that he left no children, either naturally born or adopted. His father, Peter Mayberry, was 65 years of age and was not in good health. His mother was 63 years of age, and was also in bad health. He left three brothers and four sisters and an infant child of a fifth sister, who were dependent upon the deceased for support to a more or less extent.

Leonard Mayberry, the plaintiff, a brother of the deceased, was appointed administrator of his brother's estate, and as already stated brought this action on De-

cember 2, 1920, slightly over two months from the date of the death of Ollie P. Mayberry.

Witness Tracy Thurman, who was working with the deceased at the time of the accident, testified that he and the deceased had been instructed by defendant James Corbett, who was general mine foreman of the Iron Mountain Company, to go down in the mine to a point where the accident occurred to deepen a hole by drilling and blasting; that they followed these instructions; that they sounded the roof with a steel rod but were unable to detect any loose boulder; that he did not know prior to the accident that the roof had been braced, and that neither he nor deceased were so informed by the foreman, so far as he knew; that while the two men were at work there the boulder gave way and killed Mayberry.

Witness Joseph Ketchersides, the assistant mining captain, testified for plaintiff that the timbers were taken out of the mine at this place so as to allow Thurman and Mayberry to work there; that on the night before the accident he told Corbett, the general mine foreman, that a loose rock had come down and that blasting would cause rock to fall and that somebody would get hurt; that Corbett told him to go ahead with the work in the condition as it then existed; that he saw that the roof at the point where these men were compelld to work was "bad;" that he had known that it was dangerous for a good while, and that he left a note on Corbett's desk asking that certain bars be sharpened with which to take the loose rock out because it was dangerous. This was a few days before the accident. Witness said that the bars were not sharpened, and it was then that he told Corbett the night before the accident that a piece of rock had come down from the roof of the mine. Witness went down into the mine after the accident and found the deceased almost entirely covered with rocks and minerals. Mayberry had been killed instantly. Witness said he knew that this particular part of the roof of the mine was in bad condition for six

months, and that it had been supported with timbers to keep it from falling.

The deceased's mother testified for plaintiff that she was 62 years of age; that she had seven living children; that her husband was a farmer; that her son Ollie prior to his death paid $1.25 per day board, and had paid same for over seven years prior to the accident; that she and her husband were not in good health; that the deceased contributed to them and to the entire family as their main support, contributing a large part of his earnings to assist them; that during the seventeen months that he was in the army he sent them $35 per month; that he sent the younger sister, Lillian, to school and paid the expenses of such education; that he contributed much of his wages when he was working and his labor when he was not working to the support of his parents and their family. One son, William, aged 32, was married and away from home, and some of the other children were away from home working and contributing somewhat to the family support. The youngest child, a son, was 16 years old. This testimony is corroborated by the father.

On the part of the defendants, the general mine foreman, Corbett, denied that he had been told by Ketchersides that the boulder was dangerous, and denied sending the deceased to work on October 7, 1920, in this place when he knew there were hidden dangers, and when he knew it was dangerous because of this boulder, and that he did not know the roof was dangerous; that he had examined same and considered it safe, and denied that Ketchersides on the evening before the accident called his attention to the dangerous condition of this boulder.

In rebuttal plaintiff produced two miners as witnesses, Ora G. Cummings and T. J. Bayless, who testified that they were present and heard Ketchersides tell Corbett, the night before the accident, that the roof of the mine at this point was loose and dangerous and should be taken down.

It appears that the deceased's wages at the time of the accident were $5 per day.

Plaintiff offered in evidence chapter 70, sections 7547-49, Revised Statutes 1919, containing the Annuity Table, Rule of Calculation and Examples thereunder.

At the outset it is insisted by appellants that the petition is fatally defective because it does not specifically allege that the plaintiff as administrator filed this action within one year after October 7, 1920. It appears from the record proper, and it is conceded in appellants' brief, that the petition was in fact filed on December 2, 1920, or less than three months after the death of Ollie P. Mayberry on October 7, 1920. It is learned counsel's earnest insistence that this right of action being purely statutory, plaintiff must specifically allege every essential fact showing that he is entitled to the benefits of the statutes, and that failing to set out in the petition that suit was instituted within one year from October 7, 1920, the petition presents a jurisdictional defect, and relies upon the case of Chandler v. Railroad, 251 Mo. 592, l. c. 599, 158 S. W. 135.

We have carefully examined the Chandler case. In that case a suit was brought by the widow for penalty under what is now section 4217, Revised Statutes 1919, against a railroad company and its engineer for the killing of her husband. The suit, brought in April, alleged the negligent killing of her husband by the defendants in the month of June prior thereto. The statute authorized a recovery of such penalty, "first, by the husband or wife of deceased; or, second, if there be no husband or wife, or he or she fails to sue within six months after such death, then by the minor child or children of the deceased." The petition in that case showed on its face that the cause of action accrued nine months before the suit was brought, and the petition being silent on the existence of minor children, such petition was held to be defective. It appeared *dehors* the record of that case, however, that the widow had brought

a timely suit but had suffered a nonsuit and commenced a new action within one year, thereby cutting off the right of action of the minors. Our Supreme Court reversed and remanded that case to allow the petition to be amended to state such facts.

We have examined the other cases cited by appellant, none of which we feel are decisive of the situation now in hand. Such cases all refer to actions brought under the first subdvision of section 4217, Revised Statutes 1919, which authorizes a husband or wife of a deceased to appropriate such actions as against the minor children if the suit by the husband or wife is brought within six months after such death. In the instant case, the suit was brought by the administrator, who sues as such for the benefit of those capable of taking under the law of descents of Missouri, and by section 4221, Revised Statutes 1919, the action must be brought within one year. The action was brought within one year, as appears from the record and as is conceded by appellants. And while it might be safer pleading to allege the bringing of the action within one year from the time the cause of action accrued, however under the facts of this case we would not for that reason alone disturb this judgment.

Appellants next complain of Instruction No. 3, given on behalf of plaintiff. Same is as follows:

"The court instructs the jury that if you find the issues in this cause in favor of the plaintiff, then in assessing the damages to which plaintiff is entitled you will take into consideration the age, physical condition and power of earnings of the deceased, together with his contributions, if any, to his father, mother, brothers and sisters, if any, and award plaintiff such sum as in your reason and candid judgment will reasonably compensate the father, mother, brothers and sisters for the loss sustained, if any, by reason of the injury to and death of the deceased, Ollie P. Mayberry; such sum, however, not to exceed the sum of ten thousand dollars ($10,000)."

This instruction has given us deep concern, and we have reached our judgment on same with difficulty. We appreciate the rule that an instruction on the measure of damages is correct where a statement, general in its scope, as to what plaintiff is entitled to recover is made, and if defendant desires to direct the jury more particularly to the elements that the jury should consider in estimating the damage, it is the duty of the defendant to ask an instruction to accomplish this end, and that in the absence of such limiting instruction there is a mere nondirection and not a misdirection. [See Simmons v. Murray, 209 Mo. App. 248, 234 S. W. 1009; Yarde v. Hines, 209 Mo. App. 547, 238 S. W. 151, l. c. 153.]

Now, the question confronting us is whether the instruction under consideration goes further and specifies an element the jury should consider, to-wit the life expectancy of the deceased, and then fails to tell the jury to take into consideration the life expectancy of the beneficiaries, or in any event the life of the father and the mother who, of course, were much older persons than the deceased.

The case of McCord v. Schaff, 279 Mo. 558, l. c. 566, 216 S. W. 320 (citing Stevens v. Kansas City Lighting & Power Co., 200 Mo. App., 651 S. W. 630), is so directly in point that we find no escape from the conclusion that the giving of this instruction works a reversal of the judgment. The instruction in the McCord case is but slightly different in wording from the instruction now under consideration. Same is as follows:

"If you find the issues for the plaintiff under the second count of the petition you should, in assessing the damages, take into consideration the age and earning capacity of the deceased and the amounts, if any, that he had been contributing to his parents, and you should give such sum as you may believe to be a fair and just compensation, for whatever sum you may believe from the evidence the said Orvis McCord was reasonably certain to have contributed to his parents had he not been

killed, and such a sum should be sufficient to compensate them for the pecuniary loss, if any, they have sustained by reason of the death of the said Orvis McCord, but not to exceed the sum of twenty thousand dollars, the amount prayed for in the petition.''

Our Supreme Court said of that instruction:

"The damages authorized to be recovered by this instruction are based solely on the expectancy in life of deceased, and does not take into consideration the expectancy in life of the plaintiff, or in anywise advise the jury that plaintiff's expectancy is a matter necessary to take into consideration in determining what the amount of the verdict should be. It has been held in a number of cases which we think were well considered that the expectancy of the plaintiff must be determined by the jury and that failure to do so is error.

"Under the proof in this case the expectancy of the plaintiff was vastly less than that of the deceased, and it, therefore, became vital to a just verdict that the damages assessed be based upon the expectancy of plaintiff rather than upon that of deceased.''

While no such point is raised in the briefs, we have carefully considered the question of a difference in the language of the two instructions to determine whether the instruction under review might not be deemed to be more general in its terms and hence invulnerable, but viewing this instruction in any light possible, it authorizes a recovery of damages based on the life expectancy of the deceased and does not take into consideration the expectancy in the life of the parents which is less than that of the deceased, nor does it take into consideration the period of dependency of any of the beneficiaries. The instruction having based the estimate upon the life expectancy of the deceased, who was likely to live longer than the parents, and not asking the jury to consider the life expectancy of the parents, which was much less, the instruction was erroneous. [Morton v. Lloyd Const. Co., 280 Mo. 360, l. c. 378-9, 217 S. W. 831.]

It should be noted in this connection that appellants complain vigorously of the excessiveness of the verdict.

Plaintiff introduced the Mortality Tables for the purpose of enabling the jury to determine the longevity and earning capacity of the deceased. The instruction at the trial, and here, has been treated by plaintiff's counsel as asking the jury's consideration of the life expectancy of the deceased alone. Counsel seeks to escape the difficulty with an argument that there was proof adduced showing the ages of the beneficiaries, and that the Mortality Tables were introduced for any purpose for which it could be used and from which the jury could determine the life expectancy of the beneficiaries. The fault is that the instruction does not direct the jury to such consideration, except to determine the life expectancy of the deceased alone.

We have carefully considered the record and find strong and convincing proof from which defendants' negligence may be inferred, and we have reached the conclusion to remand this case with reluctance. We would feel ourselves warranted to reverse this judgment if by any fair construction of the language of the instruction, under the evidence adduced at the trial, we could conscionably say that same does not base the damages on the expectancy in life of the deceased. It is plain that if it does, then the instruction must also take into consideration the expectancy in life of the beneficiaries which are less than that of the deceased. We are constrained to hold that plaintiff's Instruction No. 3 comes within the comprehension of the McCord case, and therefore that the giving of same constituted reversible error.

Judgment reversed and cause remanded. *Allen, P. J.*, and *Becker, J.*, concur.