GALLMAN v. YOUNG, Appellant

---

(March 14, 1927. Opinion and Decree.)
(April 11, 1927. Rehearing Refused.)
(May 23, 1927. Writs of Certiorari and Review Denied by Supreme Court.)

---

(Syllabus by the Court)

1. **Louisiana Digest—Damages—Par. 56.**
In fixing the amount of damages under Articles C. C. 1934 and 2315 the ability of the defendant to pay should be considered.

2. **Louisiana Digest—Damages—Par. 105.**
The plaintiff in this case suffered a fracture of the hip, was confined to her bed for six months, and was permanently injured. A judgment in damages in her favor for $5000.00 affirmed.

Appeal from Civil District Court. Hon. Wm. H. Byrnes, Judge.

Action by Mrs. Amelia Gallman, widow and c., against Mrs. Wilhelmina Young, wife and c.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Maurice Rooney, Eugene Stanley, M. C. Scharff, of New Orleans, attorneys for plaintiff, appellee.

Dart & Dart, of New Orleans, attorneys for defendant, appellant.

CLAIBORNE, J. This is a damage suit by a sub-lessee against the main lessor for damages suffered from the alleged collapse of steps on the property rented by her.

There was judgment in the District Court in favor of plaintiff for $5000.00.

The defendant appealed to this court which reversed the judgment and dismissed plaintiff's suit. Gallman vs. Young, 3 La. App. 756. On a writ of review the Supreme Court reversed the judgment of this court and remanded the case to this court on the question of the amount of damages. In this court the plaintiff has prayed for an increase of the judgment.

The plaintiff alleged that as a result of her fall she suffered an "intracapsula fracture" of the hip; that she was confined to her bed for six months under the care

of a doctor; that her injuries are permanent and that she is now a cripple, and has suffered and still suffers great pain.

She claimed $2500.00 for the pain and suffering and $7500.00 for permanent injuries.

She has established the allegations of her petition, and the evidence is that she is now an inmate of the Home for Incurables, unable to support herself. At the time of the trial, two years after the accident, she walked with difficulty. She is 68 years of age.

The plaintiff relies upon the case of Funk vs. N. O. Ry. & Lt. Co., 150 La. 1046, 91 South. 506, and Hopkins vs. the same, 150 La. 61, 90 South. 512, in which two ladies, one aged 69 and the other 58, were awarded respectively $9000.00 and $10,000.00 for injuries sustained by them. In the first case the plaintiff was disabled from walking or standing, and in the second case the plaintiff sustained a curvature of the spine so as to cripple her for life.

In the case of Lowenthal vs. Vicksburg Ry., 117 La. 1007, 42 South. 483, the plaintiff suffered injuries which brought on "traumatic neurasthenia"; from a healthy, strong, stout woman, doing her own household work, she became emaciated and unable to work, and required frequent visits of a physician. The verdict of a jury for $5000 was affirmed.

The case of Fuge vs. N. O. Ry. & Lt. Co., 140 La. 582, 73 South. 689, is very much the same as the Lowenthal case above. A verdict of $6000.00 was affirmed.

In the case of Hanson vs. The Texas Company, 3 La. App. 46, the court said $10,000.00 is a correct quantum of damages where there was a permanent injury of the skull due to a fracture and some mental impairment which probably would grow worse. The plaintiff was 32 years of age.

In the case of Boyer vs. Crescent Paper Box Factory, 143 La. 368, 78 South. 596, the plaintiff was scalped. She recovered $10,000.00.

In Englert vs. N. O. Ry. Co., 128 La. 473, 54 South. 963, the plaintiff was 43 years of age, mother of eleven children and in good health. By her injury her spinal cord was affected, producing paralysis of her right leg and right arm and affection of the heart. Judgment $15,000.00.

But it will be noted that in all the above cases the defendants were corporations and railroads.

In fixing the amount of damages the ability of the defendant to pay must be considered. Board of Control vs. Royes, 48 La. Ann. 1061, 20 South. 182; State ex rel. Neyland vs. Read, 50 La. Ann. 444, 23 South. 715; Daly vs. Kiel, 106 La. 170 (175), 30 South. 254; Byrd vs. Pierce, 124 La. 429, 50 South. 452; Jackson vs. Briede, 156 La. 573 (585), 100 South. 722.

The defendant quotes the following authorities: Williams vs. Electric Co., 43 Ann. 295, where a drayman, 60 years of age, had his thigh fractured, remained in a hospital four months and received $1000.00.

In Gomex vs. Tracey, 115 La. 824, 40 South. 234, the plaintiff had a broken thigh and shortening of the leg. He recovered $1500.00.

In Jones vs. N. O. Ry., 129 La. 788, 56 South. 889, plaintiff's shin bone was broken. She remained in bed five months. Judgment $1000.00.

In addition to the above we find the following:

In Lorenz vs. City, 114 La. 802, 38 South, 566, a girl 9 years old suffered a

dislocation of the hip which was permanently weakened. $2500.00.

In Gueble vs. Town of Lafayette, 121 La. 909, 46 South. 917, the plaintiff broke his hip in his fall, was confined to his bed three months and suffered excruciating pains; was not able to sit up; was an old man and at the time of the trial of the case, three years after the accident, had not recovered; cannot attend to any business that requires walking; before his fall he could earn a small income; this he can no longer do; he spent an amount for medical and other expenses. Judgment $2500.00.

In Roff vs. Summitt Lumber Co., 119 La. 571, 44 South. 302, petitioner's heel was torn off, leaving him a permanent cripple and sufferer, unable to earn a living; was confined to his bed for four months unable to get up or walk; earning capacity $54.00 a month. Judgment $3500.00.

In Navailles vs. Diezman, 124 La. 421, 50 South. 449, the facts are stated in the syllabus:

"A woman 60 years old was knocked down by an automobile and dragged. Her thigh bone was fractured in two places.
"She suffered excruciatingly for months. The injury would cause her to hobble with a stick instead of walk for the rest of her life. She was put to large expense. Held that a verdict of $3250.00, approved by the trial judge, would not be disturbed as excessive."

See also White vs. Maison Blanche Co., 142 La. 265, 76 South. 708; Ryan vs. Louisiana Ry. & Nav. Co., 146 La. 40, 84 South. 371; Coggin vs. Shreveport Rys. Co., 147 La. 359, 84 South. 902; Clements vs. Texas & P. Ry. Co., 148 La. 1050, 88 South. 394; Funk vs. New Orleans Ry. & Lt. Co., et al., 150 La. 1046, 91 South. 506.

We see no reason to increase the amount of the judgment of $5000.00, which is therefore affirmed.