## BELL v FIRST NAT. LIFE INS. CO.

### No. 13979.

Court of Appeal of Louisiana. Orleans.

May 2, 1932.

See, also, 19 La. App. 151, 138 So. 904; 140 So. 11; 141 So. 379.

Normann, McMahon & Breckwoldt, of New Orleans, for appellant.

Henry J. Wyman and A. H. Reed, both of New Orleans, for appellee.

WESTERFIELD, J.

The plaintiff, Mrs. Annie Fallow Bell, was injured under circumstances which it is now admitted involved the responsibility of defendant. Mrs. Bell suffered "a fracture of the neck of the femur, a fracture of the upper end of the thigh bone, high up, the inside of the joint, a very serious injury." She was confined to the hospital for 8 weeks, and her physician testified that considering her age, she was 68, he would expect her to be crippled for life because that was his experience in 90 per cent. of similar cases.

The trial court allowed $5,000 predicating its action on the case of Gallman v. Young, 6 La. App. 137, decided March 14, 1927.

It seems to be generally conceded that Mrs. Bell's injuries are similar to those under consideration in the Gallman Case, but counsel for defendant directs our attention to the fact that since that case was decided the purchasing power of the dollar has enhanced considerably, according to his calculations, 46 per cent. He has presented several trade journals containing articles, which, it is claimed, sustain his contention, and it is insisted that it is our right and duty to consider these articles, and to accept their estimates of the present value of the dollar. Cross v. Lee Lumber Co., 130 La. 66, 57 So. 631; Schneller v. Louisiana State Rice Milling Co., 148 La. 88, 86 So. 663; R. C. L. volume 15, Judicial Notice, verbo; "Statistics and Money," § 56; Stevens v. Kansas City Light & Power Co., 200 Mo. App. 651, 208 S. W. 630.

We are convinced that we should take judicial cognizance of the fact that there has been an advance in the purchasing power of money, but cannot accept the figures which may have been arrived at by writers in trade journals, particularly when the reputation and standing of these writers have not been proven nor the journals offered in evidence.

Assuming the similarity of Mrs. Bell's injuries to those suffered by the plaintiff in the Gallman Case and giving some consideration to the notorious fact that the dollar has enhanced in value, we have concluded that an award of $4,000 in this case will be sufficient.

For the reasons assigned, the judgment appealed from is amended so as to reduce the

amount awarded plaintiff from $5,000 to $4,000, and, as thus amended, it is affirmed, plaintiff to pay the costs of this appeal, all others costs to be borne by defendant.

Amended and affirmed.