## ORY v. BOSIO et al.*
### No. 14958.

Court of Appeal of Louisiana. Orleans.
Feb. 4, 1935.

See, also, 178 La. 221, 151 So. 187.

Joseph A. Casey, of New Orleans, for appellant.

M. C. Scharff, of New Orleans, for appellee.

JANVIER, Judge.

This suit arises out of an automobile collision which occurred in the daytime at the corner of Tulane avenue and Jefferson Davis parkway in this city.

The automobile of Ory, plaintiff, driven by himself, was proceeding out Tulane avenue and the car of Joseph Bosio, Jr., driven by Mrs. Bosio, was on its way down Jefferson Davis parkway. Mr. Ory's car had almost completely crossed the riverside driveway of Jefferson Davis parkway when it was struck on the left side near the rear wheel by the Bosio car, Ory receiving very severe injuries.

Charging that Mrs. Bosio was at fault in that she had failed to stop before attempting to cross the upper roadway of Tulane avenue, and also in that she had failed to stop before entering the lower roadway of the said avenue, and further asserting that Mrs. Bosio had failed to maintain a proper lookout ahead and had operated her car at an excessive speed, Ory contends that her negligence in these particulars was the sole cause of the accident, and he asks for judgment in the sum of $21,214.70.

Defendants maintain that, though Mrs. Bosio was at fault in some of the particulars mentioned, the true and proximate cause of the accident was the contributory negligence of Mr. Ory in driving his car directly into the path of the on-coming Bosio car when it should have been apparent to him that Mrs. Bosio was not paying attention to what she was doing and that she had no intention of stopping to let him go by.

In the district court there was judgment for plaintiff, Ory, against Mrs. Bosio in the sum of $5,000, and there was judgment in favor of Mr. Bosio dismissing the suit as to him. From this judgment Mrs. Bosio has taken a devolutive appeal, and Mr. Ory has answered the appeal asking that the amount awarded him be increased.

The evidence leaves no room for doubt that as Mrs. Bosio approached Tulane avenue she did so at a speed somewhat in excess of that permitted by the traffic ordinance of the city of New Orleans, 13702 C. C. S., and that she was paying little, if any, attention to what she was doing, and furthermore, and also in violation of the terms of the city ordinance, that she failed to stop her car before entering the roadway of Tulane avenue, and that she also failed to stop on the neutral ground before attempting to cross the lower side of the said avenue. In fact, counsel for

Mrs. Bosio concedes that she was negligent in the particulars mentioned, and rests the entire defense on the contention that her negligence was so obvious that plaintiff should have been aware of it, and that his failure to notice her manifest carelessness and his failure to avoid the on-coming Bosio car was such contributory negligence as should bar his recovery. As Mr. Ory approached the crossing he saw Mrs. Bosio's car also approaching the intersection which must necessarily be traversed by his automobile, but the speed of her car, though somewhat in excess of the legal limit, was not such as to indicate that it could not be stopped before entering the intersection. He was justified in assuming that Mrs. Bosio would stop her car on the neutral ground, as such a stop was required by the traffic ordinance referred to, since there were car tracks on that neutral ground. Had she stopped it for even a second or two his car would have passed in safety. She could have done so, and that she would fail to do so could not have been foreseen by Mr. Ory.

The situation much resembles that which we found when we considered the matter of Bannon v. Picou, 15 La. App. 511, 132 So. 390, in which we said:

"As we have so often said, a motorist who is crossing a street like Canal street should, when he is on the neutral ground, bring his car to a stop, sound his horn, and afford to vehicles approaching on the driveway he intends to enter an opportunity to stop. * * *

"Since, under the ordinance referred to, it was the duty of Bannon to stop on the neutral ground, Miss Picou was justified in assuming that he would do so, and she was, thus, not negligent in proceeding, since she realized that, if Bannon did stop, she could pass before he could again start his car."

See, also, Downey v. Dittmer (La. App.) 151 So. 653 and Smith's Tutorship v. Perrin (La. App.) 145 So. 685.

Since there is no appeal from the judgment dismissing the suit as against Mr. Bosio, we need not consider the question of whether or not there is any legal responsibility on his part.

█▌ Mr. Ory's injuries are of a very serious nature. Dr. Wm. D. Phillips, an eminent surgeon of this city, testified that as a result of his injuries Mr. Ory has permanently lost the use of his right arm, except that "he has a slight use of his fingers, but very little." Dr. Phillips stated that "at the time of my original discharge, I estimated a total loss of his arm—100 per cent disability .on it."

The bill of Dr. Phillips amounted to $550. Because of Mr. Ory's condition and in an effort to benefit him he was referred to a nerve specialist, and also to an orthopedic surgeon, but neither was able to effect any substantial improvement in his condition. He remained under the care of the surgeons for more than two years.

There is evidence as to the financial condition of defendant, and this evidence leads to the conclusion that she would be entirely unable to pay a substantial judgment. Taking into consideration, then, the ability of the defendant to pay, a matter which, as the result of certain decisions of the Supreme Court (Gallman v. Young, 6 La. App. 138; Jackson v. Briede, 156 La. 573, 100 So. 722; Daly v. Kiel, 106 La. 170, 30 So. 254; Loyacano v. Jurgens, 50 La. Ann. 441, 23 So. 717; Punitive Damages in Louisiana, Loyola Law Journal, vol. 10, Nos. 1 and 2, page 26), we are authorized to take into consideration, we reach the conclusion that the amount awarded is correct.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be, and it is, affirmed, at the cost of defendant.