JANVIER, Judge.
In this tort action plaintiffs, husband and wife, seek recovery for personal injuries sustained in an automobile accident, and the husband also claims the cost of repairing the automobile, all of which results from an intersectional collision.
There was judgment in the Civil District Court for the Parish of Orleans in favor of Mrs. Florence Lacroix in the sum of $100 and in favor of John Lacroix for $566 and defendant has appealed and both plaintiffs have answered the appeal praying for an increase in the amounts awarded.
We fully agree with the reasons given by the District Judge for holding the defendant liable, though we feel that the amounts awarded to the two plaintiffs for physical injuries are somewhat inadequate. We adopt the reasons of the District Judge insofar as the question of liability is concerned and now set them forth and shall then comment on the amount allowed the plaintiffs:
“This is a suit to recover property damage and personal injuries by a husband and wife as a result of an in-tersectional collision in the City of New Orleans the day before Christmas in 1952, at 4:45 p. m., at the intersection of Upperline and Laurel Streets, in the City of New Orleans.
“Both streets are paved; Laurel being a one-way street going downtown, or towards Canal Street, and Upper-line is a two-way street from the river to the lake. The intersection is not controlled by any ‘Stop’ sign or semaphore signal, but under the city ordinance the automobile travelling on Laurel Street approaching the right of the automobile travelling on Upperline would have had the right-of-way over the automobile on Upperline Street assuming both reached the intersection at the same time and under the same conditions. Plaintiffs’ automobile was on Upperline and the defendant’s automobile on Laurel Street.
“From the testimony of Finke himself he was travelling about 30 miles an hour as he approached the intersection. He testified he saw the plaintiffs’ car in the middle of the intersection and tried to avoid hitting it by skidding to the left. He didn’t avoid striking plaintiffs’ car, but struck it on the rear right side. There is evi *67 dence in the record that the skid marks were 25 or 30 feet on Laurel Street, and the defendant in effect admitted he was travelling 30 miles an hour when he testified he was travel-ling ‘not in excess’ of 30 miles per hour, and did skid to avoid striking plaintiffs’ car which was mid-way in the intersection.
“Plaintiff rightfully entered the intersection and was struck only because defendant was exceeding the speed limit at 30 miles an hour, and was not keeping a lookout.
“There is some evidence that defendant had been drinking, and the Court is satisfied that he did have a drink or two under the circumstances that he had just been to some friend’s to get a Christmas present, and it was the day before Christmas, and witnesses whose testimony has not been impeached smelled liquor on his breath. Furthermore, on Laurel Street, about 150 feet away from the intersection of Upperline is a sign, ‘Slow Down Playground Near’, and therefore the defendant should have travelled not more than 10 to 15 miles an hour because of the playground and the possible presence of children.
“Under the circumstances, I am compelled to hold that the accident was due solely and only to the negligence of the defendant in travelling at an excessive rate of speed, and not giving the plaintiffs’ car the right-of-way which it was entitled to by virtue of its proper pre-emption of the intersection.
“With respect to quantum concerning the $599.00 damages to the automobile, the Court is not satisfied that proper proof was made that the repairs, if actually made, were all due to the accident. The car was a 1949 Plymouth purchased by the plaintiff in 1951. Therefore, it was four years old and second-hand; and it cost plaintiffs about $1200.00, having purchased it in 1951, and he operated it himself for a year or so prior to the accident in ’52, So the car was every bit of four years old. It is not sufficient for a mechanic to come into court and say I examined a car which was damaged in an accident and I repaired all these things without some more definite proof that all the repairs resulted either directly or indirectly from the accident, and did not exist because of ordinary wear and tear or abuse prior to the accident. So under the circumstances, I shall allow $300.00 damages for the automobile.
“With respect to the personal injuries, the wife had minor bruises, and has no residual injuries; her disability lasting no more than a week or so. Her husband had a scar on his forehead, and some stitches were taken, but except for a slight indentation there is no permanent ugly disfigurement. Under the circumstances, I will allow $200.00 to the husband and $100.-00 to the wife, plus $66.00 medical bills. The amount of recovery for personal injuries probably should be a little higher, but considering that the defendant is impecunious without insurance ; earns $60.00 a week, and has a wife and two stepchildren to support, and has a home that is heavily mortgaged, I have taken into consideration his inability to pay and have fixed the damages at considerably less than ordinarily they should be.
“Accordingly, there will be judgment condemning the defendant to pay to the husband $500.00, of which $300.00 is damages to the car and $200.00 personal injuries, plus $66.00 medical bill, and $100.00 to the wife for her personal injuries.”
The District Judge, after correctly setting forth the extent of the physical injuries, said that “the amount of recovery for personal injuries probably should be a little higher,” but he made the awards *68 quite low in view of the fact “that the defendant is ‘impecunious, without insurance'; earns $60 a week, and has a wife and two children to support.”
We are well aware of the fact that in Jackson v. Briede, 156 La. 573, 100 So. 722, 726, the Supreme Court, in fixing the amount of damages, took into consideration the ability of the defendant to pay saying that “the court should not impose a penalty in money, greater, perhaps, than the defendant can pay.”
We know too that that "rule has been applied many times since in Ory v. Bosio, La.App., 159 So. 138; Seither v. Poter, La.App., 194 So. 467; Hartman v. Aschaffenburg, La.App., 12 So.2d 282. See, also, Punitive Damages in Louisiana, Loyola Law Journal, Vol. 10, page 26.
We think, however, that in the case at bar the Judge, in attempting to temper justice with mercy, has leaned a little too far to the mercy side. The record convinces us that the amounts awarded for physical injuries should be increased. Accordingly, the amount awarded to Mrs. La-croix will be increased to $200 and that in favor of Mr. Lacroix to $300.
Plaintiff, John Lacroix, 'Contends that the amount allowed for repairs to his automobile is inadequate and that the record shows that although" the amount allowed was only $300, the actual cost amounted to $559.
In commenting on the damages to the car, the District Judge said that he was “not satisfied that proper proof was made that the repairs, if actually "made, were all due to the accident.” A detailed study of the items listed in the repair bill seems to us to justify the conclusion of the District Judge in this regard. Surely he was not manifestly in error. Accordingly we shall not increase the amount allowed for repairs to the automobile.
The judgment appealed from is amend-' ed so as to increase the award to Mrs. Florence Lacroix to $200 and the increase of" the amount awarded to Mr. John La-croix to $666, and as thus amended, the judgment is affirmed, defendant to pay all costs.
Amended and affirmed.
Supplemental Opinion
PER CURIAM
Through inadvertence we overlooked the fact that the appellee had filed no answer to the appeal’ and that by this fact we were powerless to increase the amount awarded. 'Our error resulted from the fact that the appellee in brief prayed for an increase in the amounts. Accordingly our decree is recalled and the judgment appealed from is affirmed.