BREAUX, C. J.
On the 7th day of November, 1904, plaintiff fell and was seriously hurt. 1-Ie was walking on one of the sidewalks of the town of Lafayette, conducting as usual on week days his little grandchild to school, a little girl of tender years.
He broke his hip in the fall. He was confined to his bed three months, and suffered excruciating pain. During that time he was not able to sit up at all. He was under medical treatment the whole time. 1-Ie needed nursing night and day.
■ He was an old man, and had not yet entirely recovered from the effects of the fall at the date of the trial of this caise in 1907. He *912 cannot attend to any business which requires walking. Before the accident, though an old man, he could attend to some business.
He claimed $3,227.15 damages.
On January 6th last the judge of the district court decided his cause in his favor, and allowed him $1,800, with legal -interest from the date of the judgment.
Defendant appealed.
The condition of the sidewalk where plaintiff fell presents the first question to which we direct our attention.
The weight of the testimony shows that the sidewalk was not in good condition. Residents of the town have, without hesitation, as witnesses, spoken of it as a poor and unsafe sidewalk.
Before taking up this branch of the case, we recall one of defendant’s contentions. As it relates to a question of practice, it will be disposed of in the first place. It is that there was a fatal variance between the proof and the pleading.
All variances between the allegata and the probata are not necessarily fatal to the suit.
Now, as to the facts regarding this point: Plaintiff alleged in his petition that he fell in a small hole in the sidewalk; his foot was caught and caused his fall. In his testimony he stated that the sidewalk was in a bad condition; that the little girl was about to fall in the ditch, and that in the attempt to hold her up, quoting from his testimony, “I fell in the hole.” At another time while testifying he said that a loose plank was the cause of his fall.
In the cross-examination also there is some contradiction on the part of plaintiff.
After the witnesses for plaintiff had testified, defendant, who had previously urged, no objection, moved to strike out his testimony about the accident at any particular spot other than that alleged as stated in the motion.
The judge of the district court declined to strike out the testimony that had been admitted without objection.
We are of opinion that there was no good reason for him to do otherwise.
In his carefully written opinion, he briefly disposes of the dispute on this point. Substantially, his statement is that there was no surprise to any one; that the ground to strike out did not recommend itself to him. There was no reason in this case not to hold defendant by the rule that objection should be made in due time. There is a time limit within which to raise objections. Besides, the allegation in plaintiff’s petition was broad enough to admit the evidence.
That allegation is “that while walking along Madison street, near the corner of Main and nearly opposite the then town hall of Lafayette,” he met with the accident. That was substantially a correct allegation, and this allegation is not undone nor fatally affected by other words going more into particulars in regard to the place of accident. These words' did not contradict the general allegation inserted above, although they did localize the place more thoroughly than the general allegation.
In describing the place of an accident mathematical precision is not always to be expected.
Under the facts and circumstances here we-will not detail further. We find no good reason for setting aside the court’s refusal to strike out the testimony.
There is authority sustaining the ground we hold as correct in this case. In Johnson v. R. R. Co., 27 La. Ann. 53, this court said:. “It is true that the allegata and the probata must agree, but it is sufficient if the substance-be proved.”
Leaving this point, we take up the merits, of the case; that is, the condition of the-sidewalk.
We have already stated that it was bad. This inquiry involved tedious examination. *914 into the facts — an inquiry regarding the sidewalk of the town years ago.
Whatever may have been the state of the sidewalks years ago, we infer that their dilapidated condition is of the past, and that now there is no danger of accident to the pedestrian ; that there are no boards unnailed or broken to a dangerous extent.
In beginning with our examination into the facts of this case, we will not insert a summary of the testimony of plaintiff himself. It is sufficient to state that he sought to sustain the allegations of his petition.
We have carefully read the testimony of Louis Domengaux, a witness residing in the town. He said that previous to the accident he passed the sidewalk where plaintiff fell; it was in bad condition. He, although as we infer a much younger man than plaintiff, on several occasions stumbled at the very place plaintiff fell. 1-Ie further said that it was safe at that time to avoid the sidewalk at night, and to follow the middle of the street, as the last offered more safety to the footman’s tread, as he stated in substance.
This witness saw the plaintiff fall where there were planks missing — where there were planks turned up not nailed. He saw the plaintiff step in a vacant spot at a vacant point. One of the boards turned and tripped him. He described the space where the old man fell in the sidewalk as four inches in width and about two inches in depth and in length from four to six feet. He states that the little girl was holding her grandfather’s hand. He saw the struggle of the child not to fall, and the fall of the grandparent in his attempt to protect her.
J. P. Colomb, secretary of the council, who certainly was not in sympathy with the plaintiff, repaired to the place where the plaintiff fell. He says that there was a broken board, but adds the condition was not very bad.
There are officers of some municipalities who are not prone to see defects in the sidewalks.
This witness said that he only considered a sidewalk bad when there was one plank missing to about every 10 planks.
Mr. Theall, another witness, is emphatic in his declaration as a witness that the sidewalk was in a bad condition.
There are a few witnesses who said that the sidewalk was not so bad after all. The number who entertain that favorable view was considerably less than those who testified the other way.
The judge of the district court who saw and heard them — knew them in all probability — believed the former. In our careful reading of the testimony we came to nothing leading as to the conclusion that he erred.
The authorities of the town were not aware of the bad condition of the sidewalk. This is one of the propositions upon which, the defendant relied in its defense.
That would be in some cases a good point. AVhere the pedestrian wanders away to unfrequented paths and by-places without any particular purpose, save, perhaps, pastime and exercise, and meets with an accident because of a missing or broken board in some dark unfrequented spot, it might be that the town could not well be held liable if the break was of recent date, and no one of the authorities knew anything about it. Here it was different.
It was in the center of the town — one of the main thoroughfares.
The place should have been in good repair.
An attempt was made on the part of the defense to prove that the plaintiff was a feeble old man at the time of the accident.
He was old, it is true, but strong enough considering his age. He was not decrepit. Sidewalks are not intended exclusively for strong men in good health having normal bodies and full of activity. If those who are physically weak because very young, or aged meet with a fall on a defective sidewalk, and because of the defect while exer *916 cising proper prudence they are entitled to reasonable damages.
We come next to the question of damages.
The old man has greatly suffered. He was able before the fall to earn a small income; something to keep the wolf from the door. This he has lost. He cannot render the limited services he could render before the fall. He had to expend an amount during his illness in defraying medical and other expenses. We are of opinion that the damages allowed should be increased in amount. Plaintiff and appellee in answering the appeal prayed for an amendment of the judgment by increasing the amount to the sum originally prayed for. The judgment is amended so as to embrace the sum of $2,500.
It is therefore ordered, adjudged, and decreed that the judgment of the district court be, and the same is hereby, amended by increasing the sum allowed to the defendant from $1,800 to $2,500; and, as thus amended, the judgment of the district court is affirmed.