PROVOSTY, C. J.
[1] The plaintiff’s husband, William Walker, was employed by one Harris to cart slabs from the slab pile of the sawmill of the defendant company. For reaching the slab pile he took the short road which passed under the log conveyor, instead of following the longer, but regular, road around. While he was passing under the conveyor in his dray a log fell from the conveyor upon him and killed him. He had worked at and about this conveyor for many. Shears, and had as full knowledge of the danger of logs falling out of it as defendant company had. This precludes recovery.
“The true ground of liability is the proprietor’s superior knowledge of the perilous instrumentality and the danger therefrom to persons going upon the property. It is when the perilous instrumentality is known to the owner or occupant, and not to the person injured, that a recovery is permitted. In the language of Mr. Justice Harlan, the owner is liable to invited persons for injuries occasioned by the unsafe condition of the land or its approaches, if such condition was known to him and not to them, and was negligently suffered to exist, without timely notice to the public, or to those who were likely to act upon such invitation.” 20 R. C. L. 57.
“No precautions are necessary where the danger is * * * known to the person injured.” 29 Cyc. 471.
[2] Plaintiff’s husband was at best a mere licensee. Defendant company was receiving no payment or other compensation from Harris for the permission which had been given him to take the slabs, and was deriving no profit or benefit therefrom.
It is said that the conveyor had become rotten, and that certain uprights which theretofore had prevented the logs from falling out were no longer there. If this was so, it can have no influence in the ease, in view of the undisputed facts that the fatal log was small, whereas large logs were being constantly carried in safety, and that the log fell endwise, so that the uprights in question, if in place, would not have in the slightest degree stood in the way of its falling.
Moreover, the evidence shows that such uprights are of so little benefit that they are dispensed with as often as not, and that it is notorious in sawmills that no conveyor has yet been devised out of which logs will not fall.
[3] Consolidated with this suit is that of Ellis Stovall, another employé of Harris, who was on the dray with Walker, and was injured by the same falling log. What is said .hereinabove is in all respects applicable to *741 Ms case, except that he had not, like Walker, worked around this conveyor, and therefore had not had the same ample opportunity for knowing of the liability of logs to fall out of the conveyor. But the danger was or should have been obvious to him from the fact that logs which had fallen from this conveyor, and which could be there only as the result of having so fallen, lay around; so that the danger cannot be said to have been a hidden danger.
Moreover, the danger was one which could not be guarded against, and which was known to persons around the sawmill; and we do not see that the defendant company was under any obligation to bar this passageway against other would-be users of it, or owed the duty to warn these other would-be users of it of the danger. Outsiders having business with the sawmill had no occasion to use it; and it was not a regular road.
The judgment dismissing the suits is affirmed.