No. ——
First Circuit Appeal
——

SUCCESSION OF JOHN BROWN OPPOSITION OF FRANKLIN HARRIS TO FINAL ACCOUNT OF C. F. TAYLOR, ADMINISTRATOR

——

(April 3, 1925, Opinion and Decree)
(May 5, 1925, Rehearing Refused)

——

(*Syllabus by the Editor*)

1. **Louisiana Digest—Automobiles—Par. 4.** Where one, driving an automobile on a public highway, suddenly and without giving any warning, swerves his car to left, thus causing a collision with another automobile which was attempting to pass, he or his estate is responsible for the damages resulting from this negligent act.

(Civil Code, Articles 2315, 2316. Editor's note.)

Appeal from the Judicial District Court, Parish of East Baton Rouge, Hon. W. Carruth Jones, Judge.

This is an opposition to an account of the administrator for recognition and payment of a claim for damages to an automobile, resulting from a collision caused by the negligence of the deceased, another automobile driver.

There was an exception of no cause of action filed by defendant, which was sustained.

Plaintiff appealed.

Judgment reversed.

Benton & Benton, of Baton Rouge, attorneys for plaintiff, appellant.

L. B. Aldrich, of Baton Rouge, attorney for defendant, appellee.

MOUTON, J. Opponent, Franklin Harris, claims the sum of $283.55 with legal interest from January 13, 1924, against the estate of John C. Brown for injury to an automobile alleged to have occurred on the date aforesaid. After alleging that at the

request of John C. Brown, deceased, he was taking him to Plaquemine in his auto, and that, knowing him to be an experienced driver, had allowed him to drive the auto on his way from Port Allen to Plaquemine, opponent makes in his petition the following allegations which are pertinent to the issues presented for decision herein, viz.: .

"Petitioner now shows that the said deceased had driven said car for about two miles, and that said car was in perfect running order, and that the said deceased endeavored to pass another car going in the same direction as petitioner's car, both going towards the town of Plaquemine, and that the car in front, responding to the signal given by the deceased with the horn of petitioner's car, pulled over to the right-hand side of the road, so that petitioner's car could pass on the left-hand side. That there was plenty of room to pass on the left-hand side, but that, just as petitioner's car came alongside of the car in front, the car in front was speeded up, and the said deceased, instead of slowing down and keeping straight in the road, where there was no danger, suddenly and before your petitioner could interpose or give any warning, recklessly and negligently swerved to the right and caused petitioner's car to turn over, throwing petitioner out in the road and crushing deceased under the car, the said deceased being injured so severely that he died on the ferry boat between Port Allen and Baton Rouge.

"Your petitioner now shows that his said automobile was wrecked through the fault, recklessness and negligence of the deceased, and through no fault or negligence of your petitioner, and was done so quickly that your petitioner had no chance to say or do anything to prevent the wrecking of his automobile and the unfortunate killing of the deceased.

"Petitioner now shows that the damages to his automobile and the amount expended by him in having said automobile repaired was the sum of $283.55, and that the estate of said deceased and the administrator thereof owe your petitioner the said sum, together with five per cent per annum interest thereon from the date of the accident."

An exception of no cause or right of action was filed to this petition by the administrator. Thereafter, the attorney for the administrator filed the following written admission: "It is admitted that all of the facts and allegations set forth in the petition of the said Franklin Harris, in opposition to the final account of the administrator, are true."

It will be observed, in the part of the petition above reproduced, that opponent alleges that in response to the signal given by the deceased, the car which was being driven in front was turned to the right side of the road, leaving ample room for the passage of petitioner's car on the left side thereof; that the car of petitioner then came alongside of the front car, but that deceased, instead of slowing down and keeping straight in the road, where there was no danger, suddenly and before opponent could interpose or give any warning, recklessly and negligently swerved to the right and caused petitioner's car to turn over. Opponent then alleges that his auto was wrecked as the result of his careless and reckless driving of the deceased. It is evident from the foregoing allegation that if the deceased had continued on his way on the left side of the road where there was ample room for him to pass, as appears from the foregoing allegation, that he would have passed ahead of the car in the front without injury or damage to opponent's auto. This is made apparent from the facts which were clearly alleged in the petition of the opponent, and can not be said to depend on any averment or mere conclusions, either of law or fact. The petition of the opponent, therefore, shows a cause of action based altogether on distinct allegations of fact. It will be also noticed that opponent in his petition alleges that deceased thus swerved to the right so quickly and suddenly that petitioner had no time to interpose any warn-

ing or do anything to prevent the wrecking of his automobile. Such an allegation negatives the inference of contributory negligence on the part of opponent, and preserves his cause of action free from any such deduction which possibly could be urged as a bar or impediment to his recovery. Besides it is also admitted by the attorney for the estate that "all of the facts and allegations set forth in the petition of the said Franklin Harris, in his opposition to the final account of the administration, are true".

Not only are the facts above referred to admitted, but also the allegations of the petition. It is, it will be seen from above quotation from opponent's petition, that the allegation is clearly set forth, that petitioner's car was wrecked through the fault and negligence of the deceased from which resulted the damage amounting to $283.55 with legal interest from the date of the accident.

Article 2315, Civil Code, reads:

"Every act of man that causes damage to another obligates him to whose fault it happened to repair it."

The allegation of fact found in the petition hereinabove referred to leaves no doubt that the damage to opponent's auto was caused by the fault of the deceased, and these facts being admitted to be true, obligates the estate of the deceased to "repair it".

Article 2316, Civil Code, says:

"Every person is responsible for the damage he occasions not merely by his act, but by his negligence, his imprudence or want of skill."

Opponent alleges that the damage was caused by the recklessness and negligence of the deceased, which necessarily implies imprudence and want of skill. This allegation was admitted to be true, also the amount averred for the damage claimed.

Under the allegations of fact contained in the petition, and with this admission of its allegations as being true, we cannot see how the estate can escape liability for the amount of damages in the opposition. The judgment dismissing this opposition must be reversed.

It is therefore ordered, adjudged and decreed that the judgment appealed from be avoided and reversed; and it is further ordered and decreed that Franklin Harris, opponent, have judgment against the succession of John C. Brown in the sum of two hundred and eighty three and 55-100 ($283.55) dollars, with five per cent per annum interest from January 13, 1924, until paid, and that opponent be carried on the final account of said estate for that amount, and which must be accordingly amended; and that the estate be cast for the costs of this opposition.