No. 2290

Second Circuit

---

REID v. MISSOURI PACIFIC R. R. CO.

---

(November 6, 1926. Opinion and Decree.)
(January 3, 1927. Writs of Certiorari and Review Denied by Supreme Court.)
(This case previously reported in 3 La. App. 608.)

---

(*Syllabus by the Editor*)
REVERSED ON REHEARING

1. Louisiana Digest—Automobiles—Par. 6; Railroads—Par. 58.
A co-laborer riding on a truck with the driver is not bound to anticipate lack

of precaution of the driver in driving upon a railroad track where the situation shows that an ordinarily prudent person would not have been alert enough to apprehend the default of the driver and warn him in time to avoid the accident.

2. **Louisiana Digest—Damages—Par. 104, 105.**

$4000.00 is considered sufficient quantum of damages for being temporarily rendered unconscious and sustaining cuts and bruises, one of which left a permanent scar on the jaw and another broke the fibula of his left leg and sprained the ankle, the accident confining him to his bed for four weeks and disabling him three months.

Appeal from the Ninth Judicial District Court of Louisiana, Parish of Rapides.

Action by Dempsey C. Reid against Missouri Pacific Railroad Company.

There was judgment for plaintiff and defendant appealed.

Judgment reversed on rehearing.

Overton & Hunter, of Alexandria, attorneys for plaintiff, appellee.

Hudson, Potts, Bernstein & Sholars, of Monroe, attorneys for defendant, appellant.

WEBB, J. This cause was consolidated, for the purposes of trial, with the case of Sidney A. Townsend versus Missouri Pacific Railroad Company, this day decided, and the facts, as stated in the opinion rendered in that case and in the original opinion rendered herein, control the decision in this case.

It is conceded that the negligence of Townsend, who was driving the car at the time of the accident, cannot be imputed to Reid, the plaintiff here, but it is contended that Reid was himself guilty of negligence, and this view was taken in the original opinion.

It has been said that the guest of the driver of an automobile is not required to keep a lookout for danger but can rely upon the discharge of that duty by the driver, who is responsible for the operation of the automobile; (Churchill vs. Texas & Pacific Railway Co., 151 La. 726, 92 South. 314); and it appearing from the evidence that Townsend was more familiar with the situation of the crossing and in control of the operation of the car, we are of the opinion that the rule is at least applicable to Reid to the extent that he was not bound to anticipate any lack of precaution on the part of Townsend, and that the failure of Townsend to exercise due care before driving upon the crossing cannot be held to have established negligence on the part of Reid, unless it appears that the omission of Townsend was known to the plaintiff in sufficient time for him to have warned Townsend of the danger of the situation, or the danger of the situation was presented to plaintiff's mind in sufficient time for him to have prevented Townsend from placing the truck upon the crossing.

. When the truck was momentarily stopped by the driver at the abutment to the crossing and the plaintiff observed the track, there was no impending peril or train in sight, and conceding that the observation made by him at that time was sufficient to have apprised him of the danger of placing the truck upon the crossing without taking further precaution, we do not think the evidence establishes the situation to have been such that an ordinarily prudent person would have been alert enough to have apprehended the de-

fault of the driver, and to have had time to warn him against his omission.

The perilous situation having been created by the driver, Townsend, in driving upon the track without having taken due precaution, the question as to what might have been the result had Reid continued to observe the track while the truck was being driven over the crossing is, in our opinion, too conjectural to serve as the basis of a judgment declaring such lack of vigilance on the part of plaintiff to have contributed to his injury.

The plaintiff, a young man of twenty-four years of age, was earning a salary of seventy-five dollars per month at the time of the injury; he was renderer unconscious by the collision and sustained cuts and bruises, one of which has left a permanent scar on his jaw which causes a very noticeable disfigurement; the fibula of his left leg was broken a few inches above the ankle and his ankle was sprained and was in a weakened condition at the time of the trial; he was confined to his bed for about four weeks and disabled for about three months.

The verdict of the jury was in favor of plaintiff for five thousand dollars, and defendant urges that the amount is excessive, citing many cases in which a less amount was allowed for similar injuries not producing serious loss of earning capacity.

While it is impossible to make exact comparison of the damages which may result to different persons even from identical injuries, there is some uniform approximation, and we are of the opinion that an award of four thousand dollars would be sufficient under the jurisprudence of this state for the injuries sustained.

It is therefore ordered, adjudged and decreed that the judgment heretofore rendered be set aside, and that the judgment appealed from be amended so as to allow the plaintiff to recover the sum of four thousand dollars, with interest as fixed in the judgment, and that as thus amended the judgment appealed from be affirmed, plaintiff to pay the costs of the appeal.