No. 2642

Second Circuit

———

WARD v. DONAHUE

———

(March 14, 1928.   Opinion and Decree.)
(May 22, 1928.   Rehearing Refused.)

———

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Automobiles—Par. 4.**
It is gross negligence for the driver of an automobile to run his machine on a city street when the mist, rain, and blinding headlights of another car made it so that he could not see.

2. **Louisiana Digest—Automobiles—Par. 7.**
One who walks on the street near the curb because of the lack of sidewalks is not guilty of contributory negligence if he is hit by an automobile merely because of his being on the street. Pedestrians have the same right to the use of public streets as motorists.

3. **Louisiana Digest—Automobiles—Par. 9; Damages—Par. 103, 104, 105.**
Three Thousand dollars considered sufficient quantum of damages for injury to head and both legs broken causing severe pain and suffering necessitating his remaining four months and eight days in hospital and permanent injuries to legs making it necessary to walk on crutches.

Appeal from the First Judicial District Court, Parish of Caddo. Hon. T. F. Bell, Judge.

Action by Samuel M. Ward against Patrick P. Donahue.

There was judgment for defendant and plaintiff appealed.

Judgment reversed.

Julius T. Long, of Shreveport, attorney for plaintiff, appellant.

Robert G. Chandler and M. A. Taylor, of Shreveport, attorneys for defendant, appellee.

ODOM, J. Plaintiff brings suit to recover damages for personal injuries resulting from his being knocked down on a public street in the City of Shreveport by an automobile owned and driven by the defendant.

Plaintiff's demands were rejected and he has appealed.

. THE FACTS.

At about 7 o'clock p. m., on December 30, 1924, the plaintiff was walking in an easterly direction on a paved street in the City of Shreveport, near the curb on the right-hand side. It was dark and misting rain. Defendant was travelling in the same dirction in his automobile. He ran his car against plaintiff from the rear, knocked him down and crippled him.

Plaintiff says that while walking along the street he occasionally looked back to see if cars were approaching him; he did not see defendant's car, nor did he see the reflection of its lights on the street; he says he was walking in the street because there were no sidewalks on either side; that he was struck at a point on the street where there was a large street light on the opposite side and that the street was well lighted.

Plaintiff's testimony that the street was well lighted there is corroborated by that of O. H. Long who was in his car trailing defendant's about fifty feet behind at the time of the accident. Plaintiff, it seems, was almost under this street light when struck.

The testimony makes it clear that the only sidewalk along the street there was that in front of the Leonard residence on the opposite side and it was only one hundred feet long.

The testimony is to the effect that the street is about fifty feet wide.

Defendant's testimony as to how the accident happened, is as follows:

"Cn my way to Schumpert Sanitarium with my wife, driving about 10 to 12 miles per hour. The weather was very heavy, rainy and nasty; almost impossible to drive at all. Another car was approaching with very bright lights at the time of the accident. Mr. Ward was struck by the right front light of the car. I did not see him at all until I got out to see what was struck and picked him up."

Defendant's wife, who was in the car with him, gave this account of the accident:

"On our way to Schumpert Sanitarium, my husband was driving about 10 to 12 miles per hour. It was very rainy and nasty, and almost impossible to see ahead. A car was approaching us with very bright lights, blinding us so that we could not see at all. I did not see Mr. Ward until after we stopped the car. We were a little to the right of the center of the road, when Mr. Ward was struck by the right hand front light of the car."

Counsel for defendant say that defendant was guilty of no negligence. If that be true, plaintiff's case must fall, for there can be no recovery in cases like this where there is no fault.

But on the question of negligence defendant is condemned by words out of his own mouth. Plaintiff was in the open street ahead of him and he did not see him because—

"* * * the weather was very heavy, rainy and nasty; almost impossible to drive

at all. Another car was approaching with very bright lights."

His wife goes further, and says—

"* * * a car was approaching us with very bright lights, blinding us so that we could not see at all."

In other words, defendant was proceeding along the street blindly when he ran on plaintiff.

That is gross negligence. An automobile is a dangerous instrumentality at best, and those who operate them on public streets must be held to the strictest precautions. They must always look ahead to see that the way is open. They have no right to assume that the way is open.

In Southall vs. Smith, 151 La. 967, 92 South. 402, the court said, with reference to the duty of those who operate automobiles on public highways:

"He has no right to assume that the road is clear, but under all circumstances and at all times he must be vigilant and must anticipate and expect the presence of others."

2 R. C. L., 1184.
1 R. C. L., supp. 722.
4 R. C. L., supp. 146.
5 R. C. L., supp. 133.

It being his duty to look ahead always and having no right to assume that the street or road is clear, it follows necessarily that when the driver finds himself so blinded, from whatever cause, that he cannot see in front of him, he assumes the risk of injuring those who may be in the street.

It has been held repeatedly that the driver of an automobile in proceeding along a city street when he is blinded by the lights of an other car or blinded by fog, smoke or dust, or when the windshield is so covered with rain water that his view

ahead is obstructed, is guilty of negligence, and that it is his duty to look around the end of the windshield if that is the only way in which he can proceed in safety, and in extreme cases to stop.

4 R. C. L., supp. 145.

Woodhead vs. Wilkinson, 185 Pac. 85.

10 A. L. R. 291, and cases cited in note beginning on page 294.

Schwalen vs. Fuller & Co., 180 Pac. 592.

10 A. L. R. 296, and cases cited in note beginning on page 299.

Mathers vs. Batsford, 97 South. 282, 32 A. L. R. 881, and notes on page 887.

Hatzakarzian vs. Rucker-Fuller Desk Co., 239 Pac. 709, 41 A. L. R. 1027, and notes on page 1040.

Cyclopaedia of Automobile Law, Blashfield, vol. 1, page 354, section 18.

Our conclusion is, and we hold, that the defendant was guilty of gross negligence.

But counsel for defendant contend that plaintiff was guilty of such contributory negligence as to bar recovery, which contributory negligence consisted, first, of walking in the street when he should have been on the sidewalk, and second, in walking on a much travelled street on a rainy, misty night.

We dispose of these pleas in the order named.

It is well settled, as counsel argue, that

"Where there are two avenues of travel, one safe and the other dangerous, the person who selects the more dangerous is guilty of negligence and assumes the risk."

Bollinger vs. Railway Co., 47 La. Ann. 722, 17 So. 253.

Burbank vs. Railroad Co., 42 La. Ann. 1156, 8 So. 580.

Johnson vs. Railroad Co., 27 La. Ann. 53.

Settoon vs. Railway Co., 48 La. Ann. 807, 19 So. 759.

Provost vs. Railway Co., 52 La. Ann. 1894, 28 So. 305.

Walker vs. Nona Mills Co., 151 La. 738, 92 So. 318.

If the facts were that there was another place for plaintiff to travel, counsel's point would be well taken. But there was no other place. There were no sidewalks along the street at that time, except one in front of the Leonard residence on the opposite side of the street, and that was only one hundred feet long.

If plaintiff had attempted to take advantage of that short walk it would have been necessary for him to cross the street and thereby subject himself to added danger. Property adjacent to Claiborne Avenue was not built up at that time, and according to the City Engineer the sidewalks were not laid, except in front of Leonard's, until 1926, long after the accident.

On the second point, counsel, in brief, say:

"We take it that a reasonable man would not walk in the street on a much travelled thoroughfare on a misty night. Any reasonable man knows the difficulty of seeing through glass with a mist on it, and when a reasonable man knows this the plaintiff is presumed to have known."

The effect of that argument is that plaintiff, a pedestrian, should not have been on the street at all. Streets of cities, and other public highways, are not built exclusively for vehicular traffic. Pedestrians have a right to use them.

In 13 R. C. L. section 242, page 292, we find the law stated as follows:

"Pedestrians have the right to use a public street at any time of day or night, although it is not improved and railroad tracks are laid in it. They have a legal right to travel in a street car, or to cross it at any point, and the mere fact that one does so, does not render him guilty of contributory negligence as a matter of law."

"The drivers of automobiles or other vehicles must share the streets with pedestrians."

2 R. C. L., section 21, page 1186.

"A pedestrian has the same right to the use of public streets and highways as a vehicle of any kind, and the motorist must use reasonable care to avoid injuring him."

28 Cyc., page 28-H.

"Foot passengers and drivers of vehicles have equal rights on the streets and both are bound to exercise commensurate care to avoid injury."

28 Cyc., page 912-h.

Counsel cite the case of Mequet vs. Algiers Mfg. Co., 147 La. 364, in support of their argument that plaintiff entered and used the street at his own peril.

The case does not support the argument. The court said:

"On those portions of the highways, known to be used by such vehicles, *between the points provided for the passage of pedestrians, the latter, in attempting to cross, do so in large measure at their peril.*" (Italics ours.)

The case at bar is not one where the pedestrian attempted to cross the street between crossings provided for him. He was walking along the street, over on the the right hand side, near the curb, and was run into from the rear. The street is fifty feet wide and there was ample room.

The following quotation from the Mequet case, supra, is interesting and appropriate here:

"The frequent occurrence of collisions and accidents argue most forcefully for a rigid enforcement of all traffic regulations intended to prevent such occurrences. Otherwise, the individual who, through choice or necessity, adopts the original mode of locomotion provided by nature, must 'take his life and limb in his own hands'."

Plaintiff was not guilty of contributory negligence in making use of the street as a foot-path; nor do we think that he was guilty of negligence otherwise.

It follows that he is entitled to recover.

He sustained a severe injury to his head and both bones of one of his legs were broken between the knee and ankle. He was rendered unconscious and remained in a sanitarium four months and eight days. He was then taken to his home where he remained in bed for six weeks. At the time of the trial he could walk only with the aid of crutches, and Dr. Herold says he is permanently injured.

His medical and hospital expenses amounted to $553.50. We think an award of $3000.00 for pain, suffering and injuries is proper.

For the reasons assigned, it is ordered, adjudged and decreed that the judgment appealed from be reversed and avoided, and it is now ordered, adjudged and decree that the plaintiff, Samuel M. Ward, have judgment against and recover from the defendant, Patrick P. Donahue, in the full sum and amount of three thousand, five hundred, fifty-three and 50-100 ($3553.50) dollars, with five per cent per annum interest from the date of the judgment in the lower court, and all costs.