No. 4159

Second Circuit

—

MICHIELS v. OSER

—

(February 16, 1932. Opinion and Decree.)

—

Argued before DREW, McGREGOR and CULPEPPER, JJ.

K. Hundley, of Alexandria, attorney for plaintiff, appellee.

Overton & Hunter, of Alexandria, attorneys for defendant, appellant.

DREW, J. This is an action in damages brought by Lawrence Michiels against Frank Oser for the sum of $150.60, claimed on account of an automobile collision which occurred on November 21, 1930, at about 8 o'clock in the morning, at the intersection of Bolton avenue with Jackson street in the city of Alexandria, La.

The undisputed facts show that plaintiff was driving towards the river on Jackson street, and defendant was driving out Jackson street, when they both reached Bolton avenue. It was the purpose of plaintiff to proceed across Bolton avenue and continue up Jackson street to the town, and it was the purpose of defendant to turn from Jackson street in Bolton avenue for the purpose of going towards Lee street and to his work. As the defendant made a left turn into Bolton avenue from Jackson street, his car collided with plaintiff's car at a point in Bolton avenue, the exact location of which is disputed. Both cars were damaged as the result of the collision, and plaintiff is claiming the amount above stated. Defendant, in reconvention, is claiming the sum of $65 damages which he suffered as the result of said collision. Judgment was rendered by the trial court in favor of plaintiff in the amount sued for, and from this judgment defendant prosecutes this appeal.

Plaintiff produced two witnesses who were in a position to testify to the facts surrounding the collision—the plaintiff himself, and Thomas Wells, who was on Bolton avenue a short distance from the accident. Defendant produced three witnesses, consisting of himself and his two children, a girl fifteen years of age and a boy twelve years of age. Plaintiff and his witness Wells testified that when he was attempting to cross Bolton avenue and had passed the center of the intersection, defendant made a short left-hand turn, cutting the corner and running into the left side of plaintiff's car, striking the car about midways and forcing plaintiff's car into the curb, causing the damages he claims to have suffered.

According to the testimony of defendant and his witnesses, upon reaching the intersection, he stopped his car until the traffic light showed green, then proceeded to about the center of the intersection when he attempted to make a left turn, at which time plaintiff's car suddenly appeared and undertook to cut around the front of defendant's car, and the collision occurred. Plaintiff testified that he saw defendant's car some distance before it reached the intersection. Defendant testified that he did not see the plaintiff's car until the very time of the accident; that it appeared to him as though "it just jumped up out of the ground."

The most favorable view from the defendant's standpoint that could be taken from the evidence in the case is that plaintiff and defendant were proceeding in opposite directions on Jackson street, and that they arrived at the intersection of

Jackson and Bolton avenue at the same time. That plaintiff proceeded to cross the intersection, continuing his straight course, and that defendant, on reaching the center of the intersection, attempted to make a left turn, heading out Bolton avenue, and on making the turn ran into the left side of plaintiff's car at a point near the center of the intersection. Defendant does not contend that he gave any signal indicating a left turn or a change of his course and swears that he did not see the oncoming car of plaintiff. Under this view of the facts in the case, which is very liberal to defendant under the evidence, he is guilty of gross negligence and is liable to plaintiff for the damage caused him.

Section VI of the ordinance governing traffic regulations in the city of Alexandria reads as follows:

"Drivers of vehicles, before stopping, turning, slowing down or changing the course, shall ascertain that such movement can be made in safety, and shall make known their intention by signaling by hand."

Plaintiff had the right to expect defendant to observe this traffic regulation, in which he signally failed, in that he did not keep a proper lookout in order to ascertain if his change of course could be made in safety, and he did not signal by hand his intention to make a left-hand turn. If defendant had been keeping a proper lookout he should have seen plaintiff approaching from the opposite direction, and that which he should have seen he is supposed to have seen. On seeing plaintiff attempt to cross the intersection, he therefore knew or should have known that he (defendant) could not make a left-hand turn without a collision. That is an evident fact, due to the collision having occurred. If defendant had kept a proper lookout, he would have kept to the right of the center of the intersection in making

the left-hand turn and, if he had done so, the accident would not have occurred, as the witness Wells said if defendant had gone six feet farther before turning to the left, he would have missed plaintiff's car.

When two vehicles going in opposite directions enter an intersection at the same time, the one intending to change its course by a left turn should let the approaching vehicle, which intends to continue its straight course, pass, before attempting a left turn and failure to do so is gross negligence.

The testimony does not justify us in holding that either car was speeding and defendant has failed to prove any negligence on the part of plaintiff, while the testimony conclusively shows the following acts of negligence on the part of defendant:

1. In not allowing plaintiff's car to pass on before attempting a left turn into Bolton avenue;

2. In not keeping the proper lookout;

3. In not signaling his intention to change his course; and

4. In not keeping to the right of the center of the intersection in making the left turn.

The above acts of negligence on the part of defendant were the sole, proximate cause of the accident. The lower court found for plaintiff in the amount sued for, and rejected defendant's reconventional demand. We think the amount sued for by plaintiff is shown to be the correct amount necessary to repair his car and put it in the same condition it was before the accident, which is the amount he is entitled to recover.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court be affirmed, with costs.