## SELBY v. MANNING. *
### No. 14316.

Court of Appeal of Louisiana. Orleans.
Jan. 30, 1933.

P. M. Milner, of New Orleans, for appellant.

Richard A. Dowling and Wm. R. Kinsella, both of New Orleans, for appellee.

HIGGINS, J.

This is a suit for the sum of $11,700 for damages covering personal injuries, property damage, loss of wages, and medical expenses said to have resulted from a collision between the plaintiff's motorcycle and the defendant's Chevrolet coupé car at the intersection of the Jefferson Highway and Hector avenue in the parish of Jefferson on October 6, 1931, at 5:35 p. m.

Plaintiff alleges that he was driving his motorcycle on the Jefferson Highway in the direction of the city of New Orleans at a rate of speed of about 25 miles per hour; that as he approached Hector avenue, which avenue intersects the highway practically at right angles, the defendant, proceeding in his automobile in the opposite direction on the Jefferson Highway, suddenly, unexpected, and without any previous warning, turned to his left across the Jefferson Highway in front of the plaintiff; that the right front side of the automobile struck the left front side of the motorcycle before the plaintiff had an opportunity of stopping or swerving in order to avoid the accident; that in attempting to turn to the left on the highway the defendant violated paragraph "a" of section 18 of Act No. 296 of 1928, known as the Louisiana Highway Statute; that as a result of the accident his motorcycle was damaged to the extent of $50; that he incurred medical expenses in the sum of $150; that he lost as wages, due to his incapacity, the sum of $1,-400; and that he sustained a fracture of the femur of the left leg, for which, together with pain and suffering, he claims the sum of $10,000.

The defendant admitted the collision but denied liability, averring that, before attempting to negotiate the turn to the left, he had come to a full stop and signaled with his left hand, indicating that he intended to turn, as required by the traffic law, and that, seeing that the road was clear, he attempted to turn, when the plaintiff's motorcycle approached from the opposite direction at a high rate of speed and ran into his Chevrolet coupé, after it had gotten off of the Jefferson Highway and was in Hector avenue. In the alternative defendant pleaded contributory negligence.

There was judgment in favor of the plaintiff for the sum of $2,500, and the defendant appealed. Plaintiff has answered the appeal and asked that the award be increased.

There were three eyewitnesses to the accident, the plaintiff, Mr. H. A. Guinle, and the defendant. Plaintiff stated that he was driving his motorcycle between 20 and 25 miles an hour on the Jefferson Highway, a paved thoroughfare about 22 or 23 feet wide, going toward New Orleans; that the Jefferson Highway is crossed by railroad tracks, which rest on an embankment about 3 feet high, and Hector avenue; that Hector avenue is about 40 feet from the tracks and is a graveled road; that as he crossed the tracks he noticed the defendant's car on the right-hand side going in the opposite direction; that as the two vehicles approached each other the defendant, without any warning, suddenly turned to his left across the path of the on-

coming motorcycle, with the result that the right front bumper, wheel, and fender of the automobile struck the left front side of the motorcycle, knocking and driving it into Hector avenue for 6 or 8 feet, where both machines came to rest.

Mr. Guinle stated that he was driving his car out the Jefferson Highway in the direction that the defendant's coupé car was being driven, and was about a block to the rear of it, when he saw the defendant suddenly turn to his left and come in collision with the motorcycle on the motorcyclist's right-hand side of the road.

The defendant testified that he was going to his home on Hector avenue from his office in New Orleans; that as he was about 25 or 30 feet from Hector avenue he stopped in order to permit Mr. Seghers to descend from his car; that he stopped and looked back in the direction from which he had come and, seeing that there were between seven and ten cars approaching, he waited until they passed, and then, observing that the only other car coming from the rear was about a block away, he started across, after giving a signal with his left hand of his intention to make the turn; that he looked forward but did not see the motorcycle approach, although there was nothing to intercept his view, except the automobiles which had just passed him and they had already crossed the railroad tracks some 45 feet away; that his car was completely off of the paved portion of the Jefferson Highway about 10 or 12 feet at the time the motorcycle ran into the right front side of his car.

Mr. Seghers said that he did not see the accident, but, hearing the impact, turned and saw the plaintiff hurtled through the air as a result of being struck in the collision. He corroborated the defendant's testimony to the effect that he had stopped 25 or 30 feet from Hector avenue in order to permit him to get out of the defendant's car.

Other witnesses, who came upon the scene immediately after the accident, estimated the distance that the rear wheels of the coupé were from the paved portion of the Jefferson Highway at from 2 to 6 feet.

There are two circumstances in this case which are impressive and persuasive:

First, the defendant admits that he did not see the motorcycle approaching and was only aware of its presence because of the impact, although there was nothing intercepting his view; and that the embankment on which the railroad tracks were located was not high enough to have obstructed his view of the motorcycle.

Second, the physical fact that the damage to the coupé is admitted by the defendant to have been on the right front bumper and fender. The defendant's witnesses, who came to the scene after the accident, also testified that that was the part of the coupé car which was damaged.

The defendant's admissions and the testimony of these witnesses corroborate the plaintiff's version that the coupé suddenly turned to its left and struck the motorcycle and tend to refute the defendant's explanation that the motorcyclist, because of his great speed, was unable to stop, and plaintiff followed him completely off the road and there ran into his car.

This case is exceptionally similar to the case of Michiels v. Oser, 19 La. App. 24, 139 So. 497, 498. In that case two automobiles were traveling on the same road in opposite directions. The defendant attempted to turn to his left at an intersecting street, where both of the vehicles collided. In rendering judgment for the plaintiff the court said:

"When two vehicles going in opposite directions enter an intersection at the same time, the one intending to change its course by a left turn should let the approaching vehicle, which intends to continue its straight course, pass, before attempting a left turn and failure to do so is gross negligence."

The court further said that as the defendant admitted he did not see the plaintiff's car approaching he was guilty of negligence in not keeping a proper lookout.

From what we have said it also appears that the defendant violated the provisions of paragraph "a" of section 18 of Act 296 of 1928, which, in part, reads as follows:

"* * * The driver of a vehicle * * * when intending to turn to the left shall approach such intersection in the lane for traffic to the right of and nearest the center line of the highway and in turning shall pass beyond the center of the intersection, passing as closely as practicable to the right thereof before turning such vehicle to the left."

Our learned brother below was of the opinion that the defendant was solely at fault in causing the accident and a careful reading of the record convinces us that his finding is correct.

It appears that the motorcycle was damaged to the extent of about $50; that the plaintiff had been employed for three weeks preceding the accident at a salary of $100 per month and, due to his injury, he was unable to work for several months. The medical expenses were $150. He suffered a fracture of the left femur (thigh bone) and was confined to his bed in the Charity Hospital from October 6, 1931, to December 9, 1931. On the latter date he was taken home and was still using crutches on February 20, 1932. The doctor estimated the period of his disability to be from six to nine months for complete recovery. The doctor further stated that the union of the bone was excellent and that there was not any permanent disability. The trial judge allowed the sum of $2,500, covering all

items. We have concluded not to disturb the award. Cusimano v. N. O. Public Service, Inc., 12 La. App. 586, 122 So. 903; Mercer v. Marston, 3 La. App. 97; Reid v. Missouri Pacific R. R. Co., 6 La. App. 298; Ward v. Donahue, 8 La. App. 335; Gueble v. Town of Lafayette, 121 La. 909, 46 So. 917; N. O. Great Northern R. R. Co. v. S. T. Alcus & Co., 159 La. 36, 105 So. 91.

For the reasons assigned the judgment appealed from is affirmed.

Affirmed.