## BREAUX v. ROUSSELL (MARYLAND CASUALTY CO., Intervener).

## ROUSSELL v. MAYRONNE LUMBER & SUPPLY CO., Inc.
### Nos. 14726, 14727.

Court of Appeal of Louisiana. Orleans.

Dec. 11, 1933.

Deutsch & Kerrigan & Burke, of New Orleans, for appellant Roussell.

Porteous, Johnson & Humphrey, of New Orleans, for appellees Breaux and Mayronne Lumber & Supply Co.

WESTERFIELD, Judge.

On the 7th of April, 1932, at about 10:30 a. m., a collision occurred on the Barataria road in Jefferson parish between two motortrucks, one owned by the Mayronne Lumber & Supply Company, Inc., and driven by its employee, Claiborne Breaux, which we shall hereafter refer to as the Breaux truck, and the other owned by Edward D. Roussell and driven by his employee, Ray Cooper, which we shall hereafter refer to as the Roussell truck.

Claiborne Breaux brought suit against Edward D. Roussell for damages for physical injuries sustained as a result of the collision, which he fixed in his petition at the sum of $10,000, and Edward D. Roussell, in a separate action, sued the Mayronne Lumber & Supply Company, Inc., for physical injuries sustained by him which he fixed at the sum of $6,500. Both suits were consolidated for trial in the lower court, and judgment was entered in Breaux's favor and against Roussell for $2,500, and in favor of the Maryland Casualty Company, which had intervened in the Breaux suit, for $708.59, the amount of workmen's compensation paid Breaux by that company, making a total award of $3,208.59. The suit of Roussell against the Mayronne Lumber & Supply Company, Inc., was dismissed and Roussell has appealed from both judgments.

It appears from the record that just prior to the accident the Breaux truck was traveling along the Barataria highway in the direction of the Mississippi river and the Roussell truck following it with the intention of overtaking and passing it. The collision occurred at about two miles from the Mississippi river, when the Roussell truck was in the act of passing the Breaux truck; the right front wheel and fender of the Roussell truck striking the left rear portion of the Breaux truck, causing both vehicles to leave the road and injuring Breaux and Roussell. The theory upon which fault is imputed to the Breaux truck is that it was maintaining a position in the middle of the road, when, apparently in response to a signal from the Roussell truck, it moved over to the right to permit the Roussell truck to pass, and that, as the Roussell truck attempted to pass, it veered sharply to the left, thus making contact with the Roussell truck, which was in the proper position on the road at a sufficient distance from the Breaux truck to permit of its passage in safety but for the unexpected maneuver of the Breaux truck.

On the other hand, it is claimed that the driver of the Roussell truck was alone responsible for the accident because he was maintaining an excessive rate of speed and attempted to pass the Breaux truck without having given any signal; that in doing so he lost control of the movements of his truck, with the result that it crashed into the rear of the Breaux truck.

If the theory of Roussell's counsel be correct, the driver of the Breaux truck is legally at fault under well-settled principles of law. Succession of Brown, 2 La. App. 704; Bonnette v. Flournoy, 9 La. App. 467, 119 So. 736; Sparks v. Hanagriff, 15 La. App. 553, 131 So. 302. On the other hand, if the theory of counsel for Breaux be correct, the responsibility rests with the driver of the Roussell truck under equally well-settled principles. Overstreet v. Ober, 14 La. App. 633, 130 So. 648; Stevens v. Dean, 6 La. App. 537; Hart v. Bonura & Co., 12 Orleans App. 171; Donaldson v. Riddling's Succession (La. App.) 145 So. 804; Act No. 296 of 1928, § 14 (a). It is apparent, therefore, that the issue is entirely a question of fact.

A negress by the name of Victoria Jones, who was a passenger on the Breaux truck at the time of the accident, and three witnesses who happened to be walking along the road, Arthur Hebert, Jr., Mrs. Arthur Hebert, Jr., and Albert Pertuit, and a witness by the name of Levy Richaux, who resides at a spot about 47 feet from where the

accident happened, all testified to the effect that the Breaux truck had maintained its position on the right of the road, where it was traveling at a moderate rate of speed (about 25 miles an hour), and that the Roussell truck approached it from the rear at an excessive speed of from 40 to 50 miles an hour, and that the Roussell truck failed to signal with its horn and ran into the rear of the Breaux truck. Mr. and Mrs. Hebert and Mr. Pertuit were unable to say that the Breaux truck did not move to the left as the Roussell truck passed it, because the Roussell truck was between them and the Breaux truck. The evidence of Mr. Richaux is most impressive. He had every opportunity to see what happened and was without interest in the matter. He testified that the Roussell truck approached the Breaux truck at high speed and out of control, swaying from side to side along the roadway, and struck the rear of the Breaux truck, which had maintained its position on the extreme right of the road.

As against this evidence we have only that of the occupants of the Roussell truck, the driver, Ray Cooper, a cousin of his, Dudley Cooper, and the owner of the truck, Edward D. Roussell. Roussell's testimony was not very helpful to his cause. He says that he was in a hurry to get home, having been up all night delivering bread, and that he had continually cautioned the driver, Ray Cooper, to be more careful. To use his own words: "I said, 'watch out, Ray, blow your horn.' Ray blew his horn and when he got right up on him I said 'slow down there, Ray, slow down, old boy.' * * * 'Blow again, Ray,' and he blowed his horn, and he drove up behind the truck, and the fellow pulled over a little bit, and I said 'go ahead, Ray, you got room to pass,' and he stepped on the gas, you know—he wanted to pass him, and he stepped on the gas, and there he went."

When asked the distance between the two trucks at the time they attempted to pass, he replied that it was six or seven inches, adding: "Yes. I have already passed cars closer than that already."

The fact that the right front part of the Roussell truck hit the rear left part of the Breaux truck would indicate that the accident was due to the fact that Roussell's truck was out of control and not because of a sudden turn to the left by the Breaux truck.

It is argued that, regardless of the negligence of the driver of the Roussell truck, the fact that the Breaux truck was not equipped with a rear view mirror was sufficient to convict its driver of contributory negligence. Act No. 296 of 1928, § 47, requires trucks such as that operated by Breaux to be equipped with rear view mirrors, and it is conceded that the Breaux truck was not so equipped, but it is evident from the manner in which the accident occurred, as we have found from the proof in the record, that the absence of the mirror on the Breaux truck had nothing to do with the accident, for, under our finding here, Breaux maintained his position on the right of the road and that is all that he could have done if he had seen the Roussell truck approaching through a rear view mirror. The accident in this case was caused by the recklessness of the driver of the Roussell truck, whose haste induced him to take chances which no prudent man would have taken. His car was out of control, and he was responsible for the accident.

The injuries sustained by Breaux consisted of a broken fibula, the small bone of the leg, and a number of contusions and brush burns. The fibula is said to be a bone of minor importance, which might be removed without impairing the function of the leg; at least that is the contention of defendant's counsel. Be that as it may, Breaux was obliged to wear a plaster cast, disabling him for something like eleven months, a somewhat similar injury to that considered by us in Selby v. Manning, 145 So. 555, in which we approved an award of $2,500, and we believe that this amount would be a proper allowance in this case.

We do not think that there should be an additional award of $708.59 to the Maryland Casualty Company, as was allowed by the court, a qua. The intervention of the Maryland Casualty Company is authorized by section 1 of Act No. 247 of 1920, amending Act No. 20 of 1914, which contemplates that the award to the compensation insurance carrier shall be included as a part of the amount found to be due the injured employee.

For the reasons assigned, it is ordered, adjudged, and decreed that the judgment appealed from in the case of Claiborne Breaux v. Edward D. Roussell, No. 14726, be amended so as to reduce the amount payable to Claiborne Breaux from the sum of $2,500 to the sum of $1,791.41, and, as thus amended, it is affirmed; the costs of the trial court to be paid by defendant and costs of this court to be paid by plaintiff.

It is further ordered, adjudged and decreed that the judgment appealed from in the case of Edward D. Roussell v. Mayronne Lumber & Supply Company, Inc., No. 14727, be and it is affirmed.