LOTTINGER, Judge.
Having received multiple fractures of the hip and femur when struck in the City of Franklin, Louisiana, on May 8, 1960, by an automobile driven by Mrs. Esther M. Richard, plaintiff, Victor L. Caro, instituted this action for damages against the latter and Moise Comeaux and his liability insurer, the Milwaukee Insurance Company. The matter is before us on an appeal taken by Comeaux and his insurer from a judgment of the Lower Court which cast them, in solido, for $5,000.00, and which cast Co-meaux an additional sum of $2,000.00.
The issues presented are purely factual and were adequately disposed of by the Trial Judge as follows:
“It was agreed and stipulated that regardless of the actual course of the streets in the locale of the accident, they would be deemed to run as follows: Iberia Street, east and west, and Perret Street, north and south, hence, the discrepancies between the pleadings on the one hand and the testimony of the witnesses and the exhibits offered in evidence on the other.
“The plaintiff sues for damages resulting from personal injuries received by him in an accident which occurred May 8th, 1960. He alleges that he was suddenly and violently struck by a vehicle which was being driven in a northerly direction on Perret Street, by Mrs. Esther M. Richard while he was walking near the east curb of said street, on which there are no sidewalks. He further alleges that Moise Comeaux and Mrs. Richard were guilty of concurrent negligence which constituted the proximate cause of the accident.
“The defendants Moise Comeaux and his insurer in their answer deny any negligence on the part of Moise Comeaux and, in the alternative, in the event the Court should find that Moise Comeaux was in any (sic) guilty of negligence which was the proximate cause of the accident, they allege that Mr. Caro was guilty of contributory negligence barring him from any recovery for his injuries and resulting disability, costs and expenses thereof.
“The other defendant, Mrs. Richard, in her answer denies any negligence on her part and, in the alternative, pleads contributory negligence on the part of Mr. Caro as a bar to his action for damages.
“Briefly, the preponderance of the evidence establishes the following material facts:
“Perret Street is located in the Town of Franklin, St. Mary Parish, Louisiana. It runs approximately in a north, south direction. It is a two way street without any cement sidewalks immediately adjacent to the curbs of the street. The street from curb to cui'b consists of three cement slabs. The center slab is ten feet wide and the slabs on either side thereof each measure nine feet (9') in width so that, the entire width of the street is twenty-eight feet (28''). At the locale of the accident, that is, beginning approximately fifty feet (5CK) north of the northeast corner of the intersection of Iberia and Perret Streets and running north from that point approximately one hundred and twenty-five feet (125') three is on the east side of Perret Street adjacent to the east curb thereof a strip of public property approximately eighteen feet (18') wide which is graveled. This strip of land ends at the graveled driveway of the Heimstra residence. Approximately in line with the northern edge of the ITeimstra driveway and adjacent to the east curb of Perret Street is a utility pole.
“Some time prior to and at the time of the accident there were cars parked on the west side of Perret Street from near Iberia Street to a point beyond the point at which Mr. Caro was struck. (The car of Mr. Moise Comeaux was parked on the west side of Perret Street.) On the east side of Perret Street from Iberia Street to the point at which Mr. Caro was struck there was only one car parked on the street, that of Raymond Comeaux. This car was parked on the street adjacent to the east curb there *533 of approximately forty feet (400 north of the north line of Iberia Street.
“Mrs. Richard, who was parked on Iberia Street, drove her car up to Perret Street where she entered Perret Street approximately in the center thereof as there were cars parked on the west side of Perret Street, and Raymond Comeaux’s car was parked on the east side thereof. She was traveling at a rate of speed of approximately twenty (20) miles per hour. When she reached a point between the Raymond Co-meaux car and the utility pole located near the Heimstra residence, she suddenly swerved her car to the right and drove her car near the eastern edge of Perret Street until she hit Mr. Caro, who was standing on the street approximately two feet (2') from the edge thereof and near the utility pole located in front of the Heimstra residence. She testified that she applied her brakes as soon as she saw Mr. Caro enter the street, however, she could not stop in time to avoid hitting him. Black marks on the street indicated that Mrs. Richard’s car skidded approximately ten feet before it struck Mr. Caro. She had swerved her car to the right to avoid a collision with Mr. Comeaux’s car, (with Mr. Moise Comeaux’s car which had been parked on the west side of Perret Street) which was at or beyond the center line of the street and which was being driven from a parked position on the west side of Perret Street in a southeasterly direction to enter the southbound lane of traffic on Perret Street. Mr. Comeaux himself testified that his car may have traveled beyond the imaginary center line of the street, but he did not think so.
“As is not unusual in cases of this sort, the testimony given in this case is most conflicting and, as it has not been transcribed, it would be difficult if not impossible for me to make a detailed analysis thereof. However, I formed definite impressions therefrom at the time of the trial which, together with the established physical facts of the case, led me to the conclusion that the preponderance of the evidence establishes the following facts:
“Mr. Moise Comeaux drove his car out of his parking place on the west side of Per-ret Street intending to travel south onto that street. In doing so, his vehicle crossed the imaginary center line of Perret Street in front of the oncoming vehicle driven by Mrs. Esther Richard. This he did, notwithstanding he had seen Mrs. Richard when she entered Perret Street and was traveling thereon in the middle thereof in a northerly direction. Under the circumstances, he should have waited until she passed him before attempting to pull entirely out of his parking place. By his action in so doing he created an emergency which forced Mrs. Richard to swerve to the right in order to avoid a possible collision between their cars. Mrs. Richard, not knowing how far he would come into her lane of traffic, did just about what any reasonable person would do under similar circumstances.
“It is my opinion that Moise Comeaux was negligent and that his negligence was the sole proximate cause of the accident. He pulled out from behind a parked vehicle without first ascertaining that such a maneuver would not interfere with the oncoming traffic. For definitions of ‘proximate’ and ‘remote’ causes of accidents, see Ardoin v. Williams, [La.App.] 108 So.2d 817, and citations therein to other authorities.
“It is also my opinion that Mrs. Richard was not negligent. She was not traveling at an excessive rate of speed. She had no reason to believe that she would suddenly be forced to swerve to her right to avoid a probable collision with a car pulling away from the west side of the street into her lane of traffic nor that by so doing she would hit Mr. Caro. At the time Mr. Caro was still slightly to the east of the east curb of Perret Street according to her testimony.
“Further, it is my opinion that Mr. Caro was not negligent and, if he was, his negligence did not contribute to the accident. It appears that he was walking on the east *534 side of Perret Street or very near thereto on the east side thereof until he reached the utility pole in front of the Heimstra residence, at which point it was necessary for him to step into the street in order to continue his journey. He did not step further than a foot or two into the street. He certainly had a right to assume that no automobile would come that close to the curb before he looked into either direction before crossing the street or continuing thereon in a northerly direction. Especially is this true considering that there were no cars parked on the east side of the street at that point, and that the street is twenty-eight feet (28') wide leaving a space for cars traveling in either direction on Perret Street of more than twenty feet (2(7) between the point at which he was standing and the west curb of Perret Street or cars, if any, parked on the west side of Perret Street.
“The law applicable to the actions of Mr. Caro in this case is stated in Blashfield’s Cyclopedia of Automobile Law, Volume 2A, Page 276, Section 1411, as follows
“ ‘A pedestrian who has committed himself to the crossing of a street by taking several steps from the curb, has a right to believe that passing vehicles will have due care for the safety of those moving forward. * * * Such a pedestrian can take into consideration matters of common knowledge, such as the fact that the driver of an automobile has the full width of the roadway except to the extent that it is occupied by other vehicles in which to maneuver his car in order to avoid a collision.’
“In this connection, see also Kelly v. Ludlum, 9 La.App. [57], 58, 118 So. 781.
“If Mr. Caro was negligent in walking on the right side of the street or being in the street at the point he was struck, nevertheless his negligence was not a proximate or contributory cause of the accident, and therefore, does not bar his right of recovery. In this connection see Ward v. Donohue 8 La.App. 335; Locke v. Shreveport Laundries [18 La.App. 169] 137 So. 645, citing Pepper v. Walsworth 6 La.App. 610; Langley v. Viguerie, et al. [La.App.] 189 So. 606.
“The record indicates that Mr. Moise Comeaux is a man of very moderate means with family responsibilities and his income is also moderate. His occupation is that of shipping clerk. The limit of the liability of defendant, Milwaukee Insurance Company, is as set forth in policy of insurance AFT 910983, a copy of which is incorporated in the record, according to which said company is liable for slightly more than five thousand dollars ($5,000.00) in addition to the costs of this suit. I will take these facts into consideration in fixing the award to plaintiff for the damages sustained by him.
“The expenses so far incurred by plaintiff in connection with the treatment of the injuries received by him as the result of said accident exceed the sum of seventeen hundred dollars ($1700.00). It is entirely possible that plaintiff will have to incur a very considerable amount of money in further treatment before he is discharged by his doctor. He no doubt has suffered considerable physical and mental pain and suffering, and he has suffered a permanent injury which, however, will not apparently interfere with his usual work.”
We find no error in the Judge’s findings as to liability. Appellants have not specified, nor do we perceive, any error as to quantum.
For the reasons assigned, therefore, the judgment appealed from is affirmed.
Judgment affirmed.